NEW-YORK PRACTICE REPORTS.                    **177**

New York and Erie Rail Road Co. agt. Corey and Smith

## SUPREME COURT.

### New York and Erie Rail Road Co. agt. Corey and Smith.

Upon the presentation of the petition, for the appointment of Commissioners of Appraisal of damages in taking land for a Rail Road, is the proper time to raise questions of regularity in the proceedings. Such as, the petition is not properly verified, or that it does not appear by the petition that the commissioners have been unable to agree with the owner of the right of way for the purchase, &c. It is too late to raise such objections on motion for confirmation of the commissioners' report.

Where the commissioners make a report to the court, and by an order are permitted to amend or correct it so as to conform it to the state of facts which existed, they have no right at the time of such correction to hear proofs by claimants as to damages. When they have viewed the premises and decided upon the amount of damages to be paid, their powers under their appointment are exhausted, so far as the amount of damages is concerned, until the further order of the court.

Where it appears that the commissioners have been regular in their proceedings; and due notice of the motion for confirmation has been given, it is a matter of course (and required under the act of April 2, 1850, *L. of* 1850, *p.* 211, § 17), to confirm the report.

The party deeming himself aggrieved by the decision of the commissioners must bring the matter before the court on appeal (under the act, *supra*). And upon such appeal the court can look only at the matters contained in the report as the foundation of any order to be made upon the appeal. Ex parte affidavits and papers can not be received.

It seems, therefore, that claimants for damages, in presenting their objections, have no redress (unless by leave of the commissioners), where they fail to appear at the time appointed by the commissioners to view the premises and award damages, where the proceedings are all regular on the part of the commissioners.

*Monroe Special Term, Oct.* 1850. *Motion to confirm report of Commissioners of Appraisal.* At the late general term of this district the commissioners who had been previously appointed to appraise the damages of the claimants in consequence of the rail road company running their road over their land, having made their report, the counsel for the company moved for its confirmation, under the provisions of the act entitled " an act to authorize the formation of rail road corporations, and to regulate the same," passed April 2, 1850 (*Laws of* 1850, *p.* 211). In that report the commissioners, among other things, stated that

23

" having viewed the premises, described in said petition, *and having heard the proofs and allegations of the parties,*" &c. determined the amount to be paid by the company, &c. No minutes of testimony accompanied the report, and on that ground the general term denied the motion to confirm the report. But on a suggestion on behalf of the company that no evidence was taken by or offered to the commissioners, and that the statement in their report in relation to proofs being heard by them was inserted by mistake in consequence of a printed blank being used containing words to that effect, and that they decided the question of damages upon a view of the premises alone, a clause was allowed to be inserted in the order granting the company leave to withdraw the report, and that the same be corrected by the commissioners, with leave to renew the motion.

The motion is now renewed upon a corrected report of the commissioners in which the word " proofs" is stricken out, and stating that the parties did not produce any witness or proofs.

J. WOODS and N. FINCH, *for the Company.*

W. M. HAWLEY, *for Claimants.*

WELLES, Justice:—It is now objected that the petition upon which the commissioners were appointed, was not properly verified; also that it does not appear by the petition that the company had been unable to agree for the purchase of the right of way in question. Without stopping to consider or discuss these objections upon their merits, it is sufficient to say that they come to late. When the petition for the appointment of the commissioners was presented, was the proper time to raise objections of this character. They do not go to the merits of the case and merely affect the question of regularity. One object, I suppose, of requiring ten days notice of the presentation of the petition, was to afford an opportunity to raise questions of this character.

A large amount of testimony in the form of ex parte affidavits by the claimants and others is produced, tending strongly to show that the sum of $450, awarded by the commissioners is entirely

insufficient to indemnify the claimants for their damages on account of the road passing over their land.

The affidavits of the claimants also show that they were neither of them personally served with notice of the presentation of the petition for the appointment of the commissioners. That they were both absent from home on a journey to the state of Pennsylvania when such notices were served by leaving the same at their dwelling houses in their absence, and that they did not arrive home until the night of the day upon which the application was to be made. That they resided about sixty eight miles from the place where the applications were to be and were made, and that it was impossible for them to get there in time to be present when the motion was made. That they did not appear upon the motion in person or by attorney, and had no knowledge except by report who the commissioners were, or that any had been appointed; or that a time and place had been fixed for the meeting of the commissioners, until more than two hours after the hour had elapsed for their meeting. That after the commissioners had met for the purpose of determining the amount to be paid to the claimants by the company they accidentally heard of such meeting and one of them went before the commissioners and objected to their proceeding, alleging that he had received no notice of their meeting and was unprepared to proceed at that time, stating that he was without counsel and unacquainted with the proceedings. That the commissioners proceeded to view the premises, &c., and after viewing the same, one of them asked the claimant whether he had any remarks to make upon the subject, to which he replied that he knew nothing of the proceedings and did not know what to say or to do, or how to protect his rights, and objected to their proceedings for the reason that he was ignorant of his rights and had no counsel. That the commissioners consulted a few minutes together and then informed the claimant so appearing before them that they had agreed and fixed the amount of damages at $450.

The papers furthermore show, that when the commissioners met to correct or amend their report in pursuance of the rule of

court, the claimants had reasonable notice thereof, the notice stating that the commissioners would then and there hear proofs as to damage in case the claimants saw fit to offer such proofs None were then offered, however for the reason as alleged that the claimants did not arrive in season, they supposing the commissioners were bound to wait an hour.

If the commissioners had a right to hear proofs at their meeting to correct their report, I should hold that the reason offered by the claimants for not offering it, was insufficient. They were not necessarily bound to wait an hour, or any other time after the time appointed, before proceeding to their work. The notice was for one o'clock, and if the claimants wished to be present, they should have been there at their peril. But I shall lay out of view entirely every thing in relation to that meeting of the commissioners, in considering the present application of the claimants for relief, or rather their objections to a confirmation of the report. It would have been a nugatory proceeding by the parties and the commissioners if proofs had been offered and received after the first report. When the commissioners had viewed the premises and decided upon the amount of damages to be paid, their powers under their appointment was exhausted so far as the amount of damages was concerned, until further orders by the Supreme Court. They had made a report, which for a defect of form was sent back for correction. The order allowing the amendment did not allow further proof to be taken nor the question of the amount of damages to be opened in any way.

The question then is, whether this court in any case where the company is regular and in a situation to ask to have a report of commissioners of appraisal confirmed, has a right to deny or refuse such confirmation.

I think a strong case is made on the part of the claimants for the exercise of such power in case the court possesses it. The claimants were absent on a journey on business in another state from a time previous to the service of notice of motion to the court for the appointment of commissioners until too late a period for them to appear on the motion personally or by attor-

New York and Erie Rail Road Co. agt. Corey and Smith.

ney. The act requires the court, when they appoint the commissioners, to fix the time and place of their first meeting. The act does not require notice to be given to the owner, &c. of the land, of the time and place of the meetings of the commissioners when such time and place is thus fixed by the court.

In this case it appears that the claimants accidentally heard of the commissioners being met on or near the premises in question for the purpose of viewing the same and of determining the amount of compensation to be paid, &c., and that one of them appeared before the commissioners and informed them he was not ready to proceed with the matter. It would seem that the claimants were taken by surprise and were ignorant of their rights or what to do, in order to protect them. It does not appear that they in form requested an adjournment, although perhaps what they did, amounted in effect to such request; and I confess I should have been better satisfied if the commissioners had adjourned the matter to a subsequent day to give the claimants an opportunity of presenting their proofs, &c.

If the facts and considerations presented now on behalf of the claimants in opposition to the confirmation of this report could be urged or listened to on an appeal under the 18th section of the act, I should have no hesitation in confirming this report. But we have held at the last general term, in substance, that upon such appeal we can only look at the matters contained in the report as the foundation of any order to be made upon the appeal. That the appeal is a review merely of the proceedings and decisions of the commissioners, and if they are erroneous or illegal. or if it appears that injustice has been done to the party appealing, a new appraisal will be ordered. But such cause must appear by the report itself and can not be shown by ex parte affidavits. If, therefore, any relief can be granted it would seem that this is the only occasion upon which it can be given.

The 17th section of the act requires that "on such report being made by said commissioners, the company shall give notice to the parties or their attorneys to be affected by the proceedings, according to the rules and practice of said court, at a general or

special term thereof, for the confirmation of such report; *and the court shall thereupon confirm such report,* and shall make an order," &c.

The 16th section defines the duty of the commissioners. The same section requires the commissioners to make a report to the Supreme Court of the proceedings before them, with the minutes of the testimony taken by them, if any; and it is that report, which, by the 17th section, the court *shall* confirm. These sections, I think, show that when it appears that the commissioners have been regular in their proceedings, and due notice of the motion for confirmation has been given, it is a matter of course to confirm the report. The party deeming himself aggrieved by the decision of the commissioners must bring the matter to the notice of the court by appeal. I am not able to perceive that there exists for him any other remedy. It is evidently all the statute contemplates. I have sought diligently to find some way of relief for the claimants in the present case but without success. It was their misfortune to be absent when the notice was given for the appointment of the commissioners and that they remained in ignorance of the proceedings which were going on until it was too late for them to take the necessary steps to bring the facts before the commissioners which they now set up in their affidavits, or that they did not, upon proper affidavits, move the commissioners for adjournment to enable them to do so. If when they returned from their journey to Pennsylvania and found the notices of motion for the appointment of commissioners at their dwelling houses, they had taken immediate steps to learn what had been done by the court, they would have ascertained the time and place of the first meeting of the commissioners, which was specified in the order appointing them. If this had been done, the matter would probably have been placed in a situation which would have enabled the claimants either to obtain such an appraisal as they would have been satisfied with, or to have brought the subjects of complaint before the court on appeal.

Much as I should be gratified to be able, upon the papers now before me to give relief to the claimants, I can not consent to

strain the power of the court beyond the bounds to which the statute has plainly confined it.

I can see no alternative, therefore, to directing an order confirming the report of the commissioners.