[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 436 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 437 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 438 
This is an action of ejectment to recover an undivided seventh part of a piece of land in Westchester county, forming a portion of the site of the Croton aqueduct. The respondents are in possession, under a title acquired by proceedings under the act for supplying the city of New York with water. (Laws of 1834,ch. 256, p. 451.) The appellant's title, irrespective of these proceedings, is unquestioned, and he claims that the proceedings are void, and give the respondents no title.
The first objection is, that the vice chancellor had no jurisdiction, because there had been no disagreement between the commissioners and the owner "as to the amount of compensation "to be paid such owner," before the application was made to him for the appointment of appraisers, as provided in the 13th section of the act. The application, verified by the oath of one of the commissioners, stated that such disagreement had occurred. Notice of the time and place of *Page 439 
making the application was served on the appellant — the appraisement was made — and on the motion to confirm it, the appellant appeared before the vice chancellor by counsel, and opposed the confirmation "upon the ground of inadequacy "of the damages awarded" to him. The motion to confirm was denied, and the matter referred back to the appraisers, to review their appraisement. They did so, and on the motion to confirm the re-appraisement, the appellant appeared by counsel again, and opposed the confirmation, but on what ground does not appear. The second appraisement was confirmed, and the amount of it tendered within the two months provided for the payment of it by the 14th section of the act, and declined. The respondents then made an application to the vice chancellor for leave to pay the money into court, which the appellant by counsel opposed, on the ground that an appeal from the appraisement was pending, and it was refused.
The respondents took possession of the land, and built the aqueduct, and now, in this action of ejectment, the appellant claims to overhale, collaterally, the proceedings before the vice chancellor, and on the trial offered to prove, that there was no disagreement between the commissioners and himself respecting the amount of compensation. This testimony was rejected by the court.
No prerogative of sovereign power should be watched with greater vigilance, than that which takes private property for public use. It should never be exercised, except when the public interest clearly demands it, and then cautiously; and the requirements of the statute authorizing its exercise must be strictly pursued. These propositions are in accordance with numerous decisions in our courts. In the present instance, the statute authorizes the exercise of this power, in cases where the commissioners and owners disagree as to the amount of compensation. The legislature manifestly intended to give the owner the benefit and opportunity of a voluntary sale, and required the respondents to make a fair and honest *Page 440 
effort to purchase the land of him, before commencing proceedings to take it adversely. Hence the disagreement of the parties as to the amount of compensation was a material requirement of the statute, and an essential pre-requisite, without which the vice chancellor had not jurisdiction. (Gilbert v. Columbia TurnpikeCo., 3 John. C. 107.) The duty of proving the disagreement in this case lay upon the respondents, for the rule is, that the party who claims title under the exercise of the right ofeminent domain, must shew affirmatively, that the requirements of the statute have been complied with. That duty was performed by producing the record of the proceedings before the vice chancellor, by which it appeared that such disagreement had occurred; and the real question in this cause is, whether the appellant could contradict the record by proof, and thus collaterally open and review the proceedings before the vice chancellor. On examining the authorities respecting the conclusiveness of records on jurisdictional questions, there will be found great and irreconcileable diversity, and I shall place my opinion on this question on one single proposition, which is supported by several cases, and contradicted by none; and that is, that when the jurisdiction of a court of limited authority depends on a fact, which must be ascertained by that court, and such fact appears, and is stated, in the record of its proceedings, a party to such proceedings, who had an opportunity to controvert the jurisdictional fact, but did not, and contested upon the merits, cannot afterwards, in a collateral action against his adversary in those proceedings, impeach the record, and shew the jurisdictional fact therein stated to be untrue. (Mather v. Hood, 8 John. R. 50, 51; Griswold v.Stewart, 4 Cow. R. 458; Van Steenbergh v. Bigelow, 3Wend. 42; Brittain v. Kinnard, or. 1 Brod. Bing. 432;S.C. 4 Moore 50; Smith v. Elder, 3 John. R. 113, andcases there cited.)
This proposition justified the rejection of the evidence offered on the trial of this cause. *Page 441 
The next objection to the validity of the proceedings before the vice chancellor, is the defectiveness of the notice to the appellant, of the application for the appointment of appraisers, it having been delivered to his mother for him at her residence, and with whom he resided, instead of being served on him personally. There is no direction in the statute respecting this notice; this objection, consequently, rests on general principles, and nothing is clearer, than that a party, entitled to notice of a judicial proceeding, by appearing in pursuance of it, waives all objections to its insufficiency.
The next objection to the proceedings is, that they were against the appellant and his co-tenants in common, jointly, instead of separately. On this subject, also, the statute is silent; consequently, this objection, like the preceding one, rests on general principles. I concur with Mr. Justice Edwards in his views on this objection; but there is a still more decisive answer to it, and that is, that the appellant should have taken advantage of this misjoinder, if such it was, in the proceeding before the vice chancellor, and cannot avail himself of it in this collateral action.
The next and last objection to the proceedings is, that there was no payment, tender, or offer to pay the amount of the appraisement. The objection to the tender is, that J.O D., one of the appellant's co-tenants, to whom the whole amount of the appraisement was tendered, had not authority to receive the appellant's share for him, and whether he had or not, was a question of fact, which should have been submitted to the jury. The appellant cannot make this objection on his bill of exceptions. He made no request to the judge on the trial to submit this question to the jury, nor has he taken any exception on the subject of the tender, or offer to pay. The respondents offered in evidence the proceedings before the vice chancellor. The appellant objected to their reception for several reasons, and among them was this one: "Because "no tender was made to the plaintiff." (Appellant.) The judge admitted them, and the appellant excepted. The court *Page 442 
then non-suited the appellant, and he excepted generally, and without specifying any grounds of his exception. By all the decisions, he cannot now take advantage of the omission of the court to submit any question of fact to the jury, or that the proof was insufficient to establish any fact, which the court considered well proved.