## NEW YORK SUPERIOR COURT.

### BYLANDT agt. COMSTOCK.

Where a judgment debtor is *imprisoned* on execution against his person, he is not entitled to his *discharge* from imprisonment under the Revised Statutes, (2 *R. S.*, 31,) where he *is at large on the limits*.*

By the court omitting to *adjourn* the proceedings from the time noticed for the application, that is, a failure to have a day assigned during the same term in which the application was made, when it would hear the applicant, the proceedings were *discontinued*—the court *lost jurisdiction* in the matter.

*New York Special Term, September*, 1863.

THIS was an application on behalf of the defendant to be discharged from imprisonment as an imprisoned debtor. The records show that the cause of action upon which the plaintiff recovered judgment was somewhat novel. It was technically called "malicious trespass." The defendant sought to collect a milk bill. The plaintiff tendered him all, and even more than he believed to be due;

---

*NOTE.—The case of *Peters* agt. *Henry*, (6 *John.*, 121,) was an action of debt against the sheriff for the escape of a judgment debtor from the jail liberties. The defence was, a voluntary return of the prisoner to the jail liberties before suit brought. To which it was replied, that the voluntary return of the prisoner within the limits did not purge the escape; that to entitle the defendant to a verdict, he should have proved that the prisoner returned within the walls of the prison. In delivering the opinion of the court, SPENCER, J., said: "It has been frequently decided in this court, since the statute allowing gaol liberties, that the sheriff may let a prisoner in execution go within the liberties without taking a bond, which is for his indemnity; and this opinion is supported by the case of *Bonafous* agt. *Walker*, (2 *Term R.*, 26.) ASHURST, J., says, in that case, that the statute, 8 and 9 *Wm.*, establishing the rules, makes them ' to all intents and purposes the same as the walls of the prison.' *If so, then the prisoners in execution are within the prison, whilst on the limits*."—REP.

he demanded a still greater sum, and would not receive what was offered. On several occasions, but particularly on New Year's day, the defendant spent about three hours in front of the plaintiff's door, with his wagon, occasionally ascending the steps, and speaking of the plaintiff (who is a young lady) to her callers as they came and went, in most offensive language. Although somewhat mortified, the plaintiff was resolute, and sought redress in court for the defendant's trespasses. Judge ROBERTSON granted the original order of arrest, holding the defendant to bail in $1,500.

The sheriff's jury rendered a verdict for $500 and costs. Execution was issued against defendant's property and subsequently against his person, upon which he gave bail for the limits.

Defendant now petitions for his discharge under article 6 of the Revised Statutes. A similar application was dismissed for some defect in the papers.

In the present application defendant and his counsel failed to appear at the adjourned day, and the proceedings were dismissed with leave to come in upon terms. Deeming this order unsatisfactory, defendant moved to open the default on the ground that the rioters had obstructed the usual facilities for reaching the court.

Objection was made by plaintiff's counsel, that defendant was out of court, and that defendant, being upon the limits, and not in close custody, was not entitled to his discharge under the Revised Statutes, although the practice has been to the contrary in some of the courts.

W. S. PINCKNEY, *for defendant.*
HORATIO F. AVERILL, *for plaintiff.*

ROBERTSON, Justice. There are two questions in this case : First, whether the court has jurisdiction to grant a discharge where the debtor is at large upon the limits;

and, secondly, whether the court has lost jurisdiction by the omission to adjourn the proceedings from the time noticed for the application.

In regard to the first question, the term used in the statute is "imprisoned," and the discharge is from "imprisonment." (2 R. S., 31, § 1.) The sixth section provides that the court where the application is made shall "order the applicant to be brought before it" on a day to be assigned, and on such other days as it may appoint during the same term. (Id., 32, § 6.)

The sheriff is required to discharge the debtor, on the order of the court. (Id., 33, § 11.) The assignees are required, out of the property assigned, to pay "the jail fees on the imprisonment and discharge." In the same statute, if a person "charged in execution" has not applied for three months to be discharged, the creditors may apply to compel an assignment.

These various provisions seem to point out a party in close custody, particularly that which relates to the direction to bring the party before the court, and do not seem to be intended to relieve a party having the privilege of going at large over the whole island of New York. For such cases the previous article to relieve insolvent debtors from imprisonment furnishes sufficient relief.

The other question of a loss of jurisdiction I think is still more clear. Proceedings upon the return of an execution unsatisfied are analogous in regard to jurisdiction, and the failure to adjourn the same regularly in that case has been held to amount to a discontinuance. (*Squire* agt. *Young*, 1 *Bosw.*, 690.) In cases like the present, the court is required to assign the days during the same term in which the application is made when it will hear the applicant. It is also authorized to adjourn the proceedings to the next term, on the application of a creditor, and then all objections to form must be waived, (§ 8,) but not beyond that time. (2 R. S., 32, § 7.) These specific di-

A. A. C. agt. T. C.

rections are evidently intended to deprive the court of all discretion as to the time of adjournment. It must fix the time of hearing while it has jurisdiction, at least until the court have ordered an assignment. I think the failure to have a day assigned at the adjourned day discontinued the proceedings, and I have no jurisdiction to make any order. The excuse assigned also for not attending at the adjourned day to adjourn the case further, does not seem to me sufficient. The applicant had a counsel who could as easily have reached the court-house as any other party. A distance of four miles even, which is more than the actual distance of the residence of the party from the court, is hardly sufficient to prevent any one who desired it from getting there, even without the usual conveyances. If I had the power, I do not think I ought to interfere. There is no great hardship or delay in requiring the party to renew his application, as the notice required is but for fourteen days.

The motion must be denied.