GRIFFIN, The JOHN. See Cases Nos. 7,347 and 7,348.

GRIFFIN'S CASE. See Case No. 5,815.

## Case No. 5,820.

### In re GRIFFITH et al.

[18 N. B. R. 510; 26 Pittsb. Leg. J. 140.] [1]

District Court, S. D. New York. Oct. 18, 1878.

BANKRUPTCY — MEMBERSHIP OF FIRM—ADJUDICATION.

1. The court has jurisdiction on a voluntary petition for the adjudication of a firm, to entertain and determine the question what persons in fact constitute the firm, and an adjudication based upon the determination of such fact is valid until set aside or reversed.

[Cited in Re Kitzinger, Case No. 7,861; Pelham v. The B. F. Woolsey, 3 Fed. 461; Allen v. Thompson, 10 Fed. 124.]

2. In 1872 the bankrupts were adjudicated upon a voluntary petition, which alleged that they composed the firm of G. & W. In 1874, in a proceeding in the state court, it was held that one A. was a general partner in said firm, and not a special partner, as he was believed to be at the time the petition was filed. On a petition filed in 1878 to set aside the adjudication, held,

[1] [Reprinted from 18 N. B. R. 510, by permission. 26 Pittsb. Leg. J. 140, contains only a partial report.]

that the application should be denied, on the ground that so long an interval had elapsed since the adjudication that rights and interests of other parties had grown up under it and been adapted to it.

[Cited in Re Meade, Case No. 9,370; Lavin v. Emigrant Industrial Sav. Bank, 1 Fed. 666.]

In bankruptcy.

C. Norwood, Jr., for petitioners.
W. H. Arnoux, contra.

CHOATE, District Judge.    November 30, 1872, on the petition of George W. Wundrum, praying that he and his alleged partner, John Griffith, composing the firm of Griffith & Wundrum, be adjudicated bankrupts, they were so adjudicated, and the case has proceeded regularly ever since; an assignee having been appointed, assets converted into money, and in whole or in part distributed. The petitioners, Van Dolsen and Arnot, by petition dated March 28, 1878, allege that they are creditors of the firm and have never proved their debt; that the firm consisted of Griffith, Wundrum, and one Abendroth; that the petitioners were ignorant of that fact till shortly before the time of filing their petition; that at the time of the commencement of the bankruptcy proceedings, and till long afterwards, Abendroth was believed to be a special partner and not a general partner; that in a suit brought in the superior court, which came to trial and decision in 1874, it was shown that Abendroth had not complied with the provisions of the law relating to limited partnerships, in respect to the time and manner of paying in his capital, and that he was held to be in fact a general partner; that this decision has been affirmed by the court of appeals, and petitioners allege that Abendroth was a general partner, and they pray that the adjudication be vacated on the ground that the court has no jurisdiction over copartnerships, unless all the copartners are made parties and adjudicated, and therefore that the court had no jurisdiction in this case.

Assuming that all the facts relied on are as claimed by the petitioners, still they cannot claim as of right, as creditors of the firm, to have the adjudication set aside.    Assuming that the court has jurisdiction only over all the copartners and not over some of them less than all, still the court had power and authority, in other words had jurisdiction, to entertain and determine the question what persons in fact did constitute the firm.    The fact that Griffith & Wundrum alone did constitute the firm was alleged in the petition, and was necessarily found and determined by the court, before it could or did determine that the adjudication should be made.    This was the determination by the court, in the due and proper exercise of its jurisdiction, of a fact.    Now, although that fact may be called a jurisdictional fact, nevertheless the rule of law is, that the determination by the court of a fact, though a jurisdictional fact,

is binding on all parties to the suit and on all those who had an opportunity to be heard to contest that fact. Dyckman v. City of New York, 5 N. Y. 434; and see Chemung Canal Bank v. Judson, 8 N. Y. 254.

Although a case in bankruptcy is anomalous and peculiar in its forms, I think that the creditors of the firm are bound as parties by this determination, and are within the application of the principle above stated. The proceeding is against the firm's property and for the benefit of the firm's creditors. While they do not receive notice of the original application, they are made parties to the proceeding in form immediately afterwards, and are notified to come in and participate therein. No doubt if they have any interest adverse to the adjudication and promptly apply for relief before other rights intervene, they may have an adjudication set aside on the ground that the court erred in determining the jurisdictional fact. This would be almost a matter of course upon an immediate application, but until the proceeding is thus opened and the fact re-determined, the judgment of the court stands and must stand as against all parties and all persons allowed to come in and be made parties; nor do I see how a mere stranger to the proceeding, if these creditors claim to be such, can have any standing in this proceeding itself to have such determination set aside.

The ground taken that the adjudication is in itself absolutely void is not tenable.    It is a judgment of a court, based upon the determination of a fact which it had jurisdiction to determine, and as such it is valid until set aside or reversed.    The court may open the judgment and rehear the case on suggestion of error, on the application of a party, and possibly on the application of a stranger, if he shows that he is injured thereby, and the application can be granted without prejudice to the rights and interests of others, but such an application, like any other application to open and rehear a case, is addressed to the discretion of the court.

In the present case it would clearly not be a proper exercise of that discretion to grant this application.    There is no suggestion of fraud in the obtaining of the original adjudication.    Griffith, Wundrum, Abendroth, and, so far as appears, all the creditors of the firm at the time of that adjudication, understood and believed that Abendroth was a special and not a general partner.    Among others these creditors, though apprised of the action taken, rested upon and acquiesced in it, taking no measures, so far as appears, to investigate the fact.    Afterwards other creditors, suspecting or having information of facts tending to show that Abendroth was a general partner, sued him, and in 1874 had disclosed in trials of their actions those facts. It cannot be said therefore that the facts tending to show that he was a general partner were so hidden and undiscoverable that creditors could not by diligence ascertain

them long before this petition was filed. But aside from this great delay in discovering the facts, I think the application should be denied on the ground that so long an interval of time has elapsed since the adjudication that rights and interests of other parties have grown up under it and been adapted to it. These creditors claim that they are injured in their special interests by having this adjudication pleaded and held as conclusive against them in their suits against Abendroth as a copartner with Griffith & Wundrum. It may be that they have lost thereby possibilities of collecting their debts of Abendroth, but it would introduce a most dangerous precedent to set aside a judgment after six years' acquiescence, on suggestion of error of fact, for the relief of a single party who might have had the adjudication vacated at the outset if he had not been content to assume as true what was then accepted apparently without any careful examination, but without any deceit on the part of anybody, as to the real state of the case. Perhaps these petitioners have a remedy now by having Abendroth brought in and adjudicated as a partner with Griffith & Wundrum. Such amendments have been allowed on the discovery of a mistake. In re Lewis [Case No. 8,311]; In re Little [Id. 8,390]; and see In re Henry [Id. 6,370]. Such a proceeding would seem to give the creditors their full rights against Abendroth's estate, if he was in fact a general partner, without the injustice that might result from vacating the adjudication of giving certain creditors an advantage over others. But whether this remedy would be proper is not the question now before the court. Petition dismissed.