JOHN E. DEVELIN et al., Appellants, *v.* GEORGE W. COOPER, Sheriff, etc., Respondent.

Where an order of discharge exempting a debtor from imprisonment for any prior debt, purporting to be issued under the article of the Revised Statutes in relation to the exoneration of insolvent debtors from imprisonment (2 R. S. 28, § 1 *et seq.*), contains recitals of all the facts needed to give jurisdiction to the officer granting it, the order alone will protect a sheriff acting under it, in the absence of proof of knowledge, on his part, of any defects in the proceedings.

If the order omits a recital of any necessary fact the sheriff will be protected if he can show *aliunde* the existence of the fact.

The said article includes a debtor who has been charged in execution.

The proof required to be made at the time of presenting the petition, and before granting the discharge (2 R. S. 35, § 2), that the debtor resides, or is imprisoned, in the county in which the officer to whom the application is made resides, may be made by the verified petition alone.

In an action against a sheriff for an escape, wherein he justified under a discharge granted by the county judge of the county of Suffolk, which

Statement of case.

contained a recital that "Frederick Maxwell, the debtor, of the town of Southhold, in the county of Suffolk, did present a petition." *Held*, that the recital was sufficient proof of the place of residence, and that proof thereof was made to the officer granting it.

The petition, which was verified to be "true in all respects," began thus: "The petition of Frederick Maxwell, of Southhold, in the county of Suffolk, * * * respectfully showeth," etc. The petition recited that Maxwell was in custody of the sheriff of Suffolk county on execution and had given bail for the jail liberties. *Held*, that the first statement was not sufficient to make proof of residence in the county; but that being out of jail on the liberties was, in the judgment of the law, being in prison; and the last recital, therefore, was in effect an averment of imprisonment in the county, and so gave jurisdiction of the person of the debtor.

The said article of the Revised Statutes was not repealed by the act abolishing imprisonment for debt (chap. 300, Laws of 1831).

Nor was it repealed by the provision of the Code of Procedure (§ 179, sub. 4), authorizing the arrest of a defendant in an action on contract who has been guilty of fraud in contracting the debt or incurring the obligation.

The provision of the statute (2 R. S. 23, § 35, sub. 7) declaring a discharge of an insolvent from his debts void "if he shall be guilty of any fraud whatever contrary to the true intent" of the article, refers to a fraud perpetrated in the proceedings to obtain the discharge, not to a fraud in the creating of the debt.

It was proved that the discharge was handed to the defendant and he was asked if he would let Maxwell go; that he took time to advise with his counsel, and that the next day Maxwell was at his home beyond the jail liberties. *Held*, the presumption was that he was set free in consequence of the discharge.

There was no controverted question of fact. The court took a verdict for the plaintiff, reserved the case for further consideration and then rendered judgment for defendant. This was done without objection; there was an exception to the judgment, but none to the mode in which it was reached. *Held*, that there was no exception bringing the error, if any, to the notice of this court.

(Argued February 8, 1881; decided March 8, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order, made February 10, 1880, which affirmed a judgment in favor of defendant, entered upon a decision of the court, after verdict taken by direction of the court for plaintiff with leave to either party to enter judgment according as it should thereafter be determined by the court. (Reported below, 20 Hun, 188.)

The nature of the action and the facts are set forth suffi-
ciently in the opinion.

*Thomas Stevenson* for appellants. The act to abolish impris-
onment for debt (chap. 300, Laws of 1831) was, by implication,
a repeal of article 5, chapter 5, title 1, part 2, Revised Statutes.
(*Hickman* v. *Pinckney*, Court of Appeals, June 1, 1880.) It
is not consistent that a statute should remain in force which
could shield the fraudulent debtor from arrest under section
179 of the Code of Procedure, and thus nullify the later legis-
lation. (Code of Procedure, § 468.) The fifth article afforded
relief to the insolvent debtor from the apprehension of arrest,
and from imprisonment on the *capias* [see §§ 10 and 11], but
did not contemplate a case where the debtor had been charged
in execution. (Art. 7, §§ 21, 22.) The whole proceed-
ing before the county judge was, therefore, wholly unwar-
ranted and void. (*Speer* v. *Wandell*, 1 Comst. 149; *Jef-
ferson Co. Bank* v. *Powell*, 3 How. Pr. 113; *Matter
of Walter Brady*, 69 N. Y. 215; *People ex rel. Gals-
ten* v. *Brooks*, 40 How. Pr. 165; *Spencer* v. *Barber*, 5 Hill,
568.) The county judge had no general jurisdiction to dis-
charge Maxwell from the execution. The recitals in the order
were not proof of the facts recited to confer jurisdiction. (*Mc-
Elroy* v. *Mancius*, 13 Johns. 120; *Burnett* v. *Burch*, 1 Den.
141; *Bullymore* v. *Cooper*, 46 N. Y. 575; *Frees* v. *Ford*, 6
id. 175; *Simmons* v. *De Barre*, 8 Abb. Pr. 269.) The
discharge does not contain a recital of facts necessary to
confer jurisdiction. (*Castellanos* v. *Jones*, 5 N. Y. 164;
*Hal* v. *Sweet*, 40 id. 97; 2 R. S., chap. 5, p. 35, art. 7;
*Otis* v. *Hitchcock*, 6 Wend. 433; *Bullymore* v. *Cooper*, 46 N.
Y. 246; *Matter of Brady*, 69 id. 215; *People* v. *Abel*, 3 Hill,
109; *People* v. *Reed*, 5 Den. 554; *Matter of Prime*, 1 Barb.
296.) The inventory was evasive, and not "true and full."
(*Bullyman* v. *Cooper*, 46 N. Y. 246; *Stanton* v. *Ellis*, 12 id.
575; *People* v. *Bancker*, 5 id. 106.) The omission to state
the consideration for the drafts on the Metropolitan Bank was
fatal to the proceedings. (*Slidell* v. *McCrea*, 1 Wend. 156;

*McNair* v. *Gilbert*, 3 id. 344 ; *Rockwell* v. *McGovern*, 69 N. Y. 294; *Doicken* v. *Ahlbon*, 2 Abb. N. C. 375 ; *Stanton* v. *Ellis*, 16 Barb. 319 ; 3 Cow. 59 ; *Morrow* v. *Freeman*, 61 N. Y. 515.) The judge had no jurisdiction without publication of the contents of the order, and proof of its publication. (See pp. 11, 22, 23, §§ 3, 4, art. 5, and § 10, art. 3, 2 R. S ; 2 R. S., chap. 5, art. 3, 5, §§ 3, 4, 10, pp. 11, 22, 23 ; *People* v. *Grey*, 19 How. Pr. 238 ; *Stanton* v. *Ellis*, 19 Barb. 319.) The appellants were entitled to judgment on the verdict. It was error for the justice to reserve the case for his own consideration ; he had no power to do it. (*Sayles* v. *Sims*, 73 N. Y. 551 ; *Purchase* v. *Mattison*, 25 id. 212 ; 1 Bla. Com. 60, 81, etc. ; Sedgwick on Statutory and Constitutional Law, 31, 195, 209, 212, etc. ; *Tonnell* v. *Hall*, 4 Comst. 140 ; new Code, § 158, subd. 2.)

*Wm. Wickham* for respondent. Article 5, chapter 5, title 1, part 2, Revised Statutes, had not been repealed when Maxwell made his application under it. (Code of Procedure, § 178 ; Code of Civil Procedure, §§ 2147–2218.) The discharge was conclusive evidence of the proceedings and facts therein contained. (Code of Civil Procedure, §§ 2181, 2196, 2197 ; *Stanton* v. *Ellis*, 2 Kern. 575 ; *Hart* v. *Dubois*, 20 Wend. 236 ; *People* v. *Warren*, 5 Hill, 440 ; *Hayden* v. *Palmer*, 24 Wend. 366 ; *American Flask & Cap Co.* v. *Son*, 3 Abb. [N. S.] 333.)

Folger, Ch. J. This is an action against a sheriff for an escape. Maxwell, the prisoner, had been taken into custody by the sheriff on an order for arrest, in an action on a contract, and was after that duly charged in execution against his body on a judgment in the action and held by the sheriff thereon. While he was so held, the county judge of Suffolk county made an order exempting him from imprisonment by reason of any prior debt. This order having been exhibited to the sheriff, he suffered Maxwell to go at large. This act of the sheriff is the escape for which he is sued. It does not appear that the sheriff, when he let Maxwell go, had any knowledge or informa-

tion of the proceedings before the county judge, other than what was given to him by the order of discharge and the recitals in it.

It is settled that if an order of that kind contains recitals of all the facts needed to give jurisdiction to the officer granting it, the order alone will protect the sheriff in releasing the prisoner; that if it does not contain those recitals, the sheriff will be protected if he can show, *aliunde* the order of discharge, that the needed facts existed. (*Bullymore* v. *Cooper*, 46 N. Y. 236.) There are three things needed to give jurisdiction: First, power by law to act upon the general subject-matter, which, in this case, was the discharge of an insolvent debtor from liability to arrest upon prior debts, and from actual imprisonment upon any of them. If the Revised Statutes on that subject are yet in force, the county judge of Suffolk county had that power by virtue of their provisions. (2 R. S. 28, § 1; id. 34, § 1.) Second, jurisdiction of the person of the particular insolvent. To have this jurisdiction, in this case, the insolvent debtor must have resided, at the time of presenting his petition, in the same county with the judge to whom it was presented, or have been imprisoned in that county. The proofs in the case, *aliunde* the discharge, show that Maxwell resided at Southhold, in the county of Suffolk, and that he was on the jail liberties of that county when he presented his petition to the county judge thereof. This establishes that the fact existed. But it is required by statute (2 R. S. 35, § 2) that, in a case like this, proof of such residence or imprisonment shall be made at the time of presenting the petition and before any order shall be made thereon. This proof could have been sufficiently made by the affidavit of a person other than the petitioner. (*In re Wrigley*, 8 Wend. 134, 138.) The proof is required by the statute, to prevent an abuse of the privilege of applying for a discharge, and to insure the publication of the notice to creditors in the proper county. But such proof is not conclusive; it is preliminary, merely. (Id. 139.) Hence, there is not required the same strictness of proof in kind as would be needed on a trial. As we have seen above, (8 Wend.,

*supra*), an *ex parte* affidavit is enough, and, as is shown *infra*, the petition alone is enough. And the discharge is proof of the place of residence if it state the fact. (*Jenks* v. *Stebbins*, 11 Johns. 224; *Stanton* v. *Ellis*, 12 N. Y. 575.) The discharge in this case recites that "Frederick Maxwell, of the town of Southhold, in the county of Suffolk and State of New York, did present a petition," etc. Such a recital seems to have been held a sufficient proof of the fact of residence, when the question of jurisdiction came up collaterally. (*Barber* v. *Winslow*, 12 Wend. 102.) On the trial of our case, proof was made of some papers that were presented to the county judge on the application for the order. Of these was the petition of the debtor, beginning: "The petition of Frederick Maxwell, of Southhold, in the county of Suffolk and State of New York, respectfully showeth," and accompanied by his affidavit that the petition "is true in all respects." This statement in the petition was not enough to make proof of the fact of residence in the county. (*Staples* v. *Fairchild*, 3 N. Y. 41; *Payne* v. *Young*, 8 id. 158.) If it were shown that no proof other than the petition was produced to the county judge, it might go hard with a person who needed to uphold his jurisdiction of the case, and who was compelled to do so by show of facts *aliunde* the recitals of the discharge itself. The sheriff is not in that category. He can rely on the recitals of the discharge, and they, as we have seen, are sufficient to show the fact of residence, and that proof of the fact was made to the officer making the order. (12 Wend., *supra*.) Nor does it appear from the case that no other paper than the petition was presented to the county judge when application was made. Jurisdiction may not be established in this negative way. But this negative comes in play when the recitals of the discharge are sufficient for the reliance of the sheriff and he bases his conduct upon them. Again, there is another fact which, if it existed and was proven, gave jurisdiction of the person, and that is the fact that the debtor was imprisoned in Suffolk county. (2 R. S. 35, § 2.) Now the petition did fully allege, not as matter of description but as statement of fact, that Maxwell was then

in custody of the sheriff of Suffolk county, on execution, and had given bail for the jail liberties. That a statement of a jurisdictional fact, in a verified petition, is preliminary proof of the fact, is to be inferred from 3 N. Y. and 8 N. Y. (*supra*). And see *Dyckman* v. *The Mayor* (5 N. Y. 434). Being out of jail on the liberties is, in the judgment of the law, being in prison (*Holmes* v. *Lansing*, 3 Johns. Cas. 75; *Peters* v. *Henry*, 6 Johns. 121); and this notwithstanding *Bylandt* v. *Comstock* (25 How. Pr. 429), which may be deemed to have gone off on the other point involved therein. We are of the opinion that the judge of Suffolk county had jurisdiction of the person of the debtor. Third, jurisdiction of the particular case. To obtain that, the debtor must have presented a petition to that officer, praying that the estate of the debtor may be assigned for the benefit of all his creditors, and that his person may be exempted from arrest or imprisonment (2 R. S. 28, § 1); and a schedule containing an account of his creditors; and an inventory of his estate, in a certain form and with certain contents (id., § 2; id. 17, § 5); and an affidavit in a prescribed form (id. 28, § 2). The discharge by its recitals shows the presentment of such a petition and an account and inventory, though the form and the contents of the account and inventory are not set forth or stated in it. The recital is enough to show that the proper petition was presented. The proof, *aliunde* the discharge, shows that the proper affidavit was annexed to the petition and schedule. The proofs *aliunde* show just what were the account and inventory delivered. Objections are made that they did not comply with the statute, and did not fully meet its demands. The objection to the account of creditors is that it does not set forth the true cause and consideration of some of the indebtedness and the place where it accrued. The place is in each case stated to be New York city. The account states an indebtedness to the Metropolitan National Bank, at No. 108 Broadway, New York city, and that it is on certain drafts drawn by Maxwell, the debtor, and discounted by the bank. It states an indebtedness to Samuel T. Payson, giving his address and the place of the accruing of it, and for

cause and consideration, that it arose upon certain promissory notes and sundry transactions between Payson and the debtor. It needs not that we seek whether the schedule is enough in its statement of cause and consideration in these two items of indebtedness. We have seen above that the recitals of the discharge are *prima facie* evidence of jurisdictional facts, and that they will protect the sheriff in his action under it. It may well be that between the debtor and his creditors, the statements in the schedule may not save the discharge from the reprehension of the law. (2 R. S. 17, 23, 30, §§ 5, 13, 35.) But there is a distinction to be made between the case of creditors, seeking their debt from the debtor himself, and creditors seeking the debt through an action against a sheriff for an official act of his. The statutes last above cited, as interpreted by decisions, make the discharge void as against creditors, where there is a lack of proper statement of cause and consideration of indebtedness. But where there is exhibited to a sheriff an order of discharge such as a county judge is authorized to make, and it shows on its face that it is such an one; as it is an order from a superior in authority, made for the guidance and control of an inferior in authority, the latter may obey it without inquiry for the existence of facts that gave jurisdiction, and may justify under it without showing that they existed. (*Bennett* v. *Burch*, 1 Den. 141, cited and approved in 46 N. Y., *supra ; Potter* v. *Merchants' Bank of Albany*, 28 id. 641.) Now, the order of discharge in the case in hand does state that the account and inventory of the petitioning debtor, presented with his petition, are true, and that he has conformed in all respects to the matters and things required of him, according to the true intent and meaning of the statute. The order is different in this respect from that in 46 N. Y. (*supra*), which was held not to protect the sheriff. It needs not, for the same reason, to seek whether the inventory was in this case sufficient; nor whether the order to show cause was duly published and served. The discharge asserts that it was in due form to meet the terms of the Revised Statutes. Our conclusion is that the sheriff on the trial showed either *prima*

*facie* by the recitals in the order, or *aliunde* the order wherein it was lacking, that there was jurisdiction in the county judge to grant it, if the Revised Statutes, under which the judge acted, were yet in force. Whether they did depends upon the soundness of some objections raised by the appellants, and those we will now consider.

1st. It is contended that the fifth article (2 R. S. 28) has been repealed, by implication, by the act to abolish imprisonment for debt (Laws of 1831, chap. 300). We do not think that the provisions of the two statutes are so inconsistent and incompatible as that the former was impliedly repealed by the latter.

2d. It is contended that the old Code (§ 179), having provided that where a debtor has been guilty of fraud in contracting the debt or incurring the obligation, he may be arrested, a statute is not consistent with it that will exonerate him from imprisonment; as that would be to nullify the Code. We are not able to so hold. The obligation is still one arising on contract. The debtor would not be liable to arrest but for the fraud, but that is only a case of exception from the general exemption from arrest on contract. It is still a case of contract, a case of debt. The statutes unrepealed provide for a discharge from imprisonment by reason of any debts arising upon contracts previously made. We do not find in the Code, the intention of the legislature, that where the debt was created in fraud, the debtor should never be exonerated from imprisonment for such a debt on complying with the provisions of laws.

3d. It is contended, that as a discharge under article 5 shall be void if the insolvent shall be guilty of any fraud whatever contrary to the true intent of the article (2 R. S. 23, § 35, subd. 7), that it follows that a discharge from a debt contracted in fraud is void. Our opinion is, that the fraud that renders a discharge void under the statutory provisions referred to, is one done in the proceedings under the statute to obtain a discharge, and not a fraud that has gone before and in which the making of the debt was involved.

4th. It is further contended that the fifth article did not con-

template the case of a debtor who had already been charged in execution as Maxwell had been in this case. But the first section of article 5 provides for a petition that the person of the debtor be exempt from arrest, and that if he is in prison, he may be discharged from imprisonment. Section 11 provides that if the insolvent be in prison, in any suit upon any contract, he shall be discharged. The sixth article relates only to cases where persons imprisoned on execution in civil cases propose to assign their property for the benefit of the creditors by whom they are imprisoned, and thereupon to be discharged from that imprisonment alone. (1 Seld. 121, 123, and note.) The fifth article is more general in its scope, and takes in all creditors and all imprisonment on contract, and includes the execution creditor with the rest.

In addition to these objections, it is urged that the proofs made by the defendant show lack of jurisdiction in the county judge. Should this be granted it would not avail the plaintiff. The defendant was not shown to have known, at the time that he let Maxwell go, of any defects in the proceedings. All that he had for his guidance, as it appears, was the discharge. In so far as it showed jurisdiction, so far it protected him, and he is not affected therein by the existence of facts though variant from it. In so far as it did not show jurisdiction, if the fact existed, that in that respect gave jurisdiction, he is thereby protected.

It is further contended, that the learned justice who tried the cause at Circuit had not power to take a verdict for the plaintiff and to reserve the case for further consideration before rendering judgment, and then to render judgment for the defendant. It is likely that the practice in the case has not been technically accurate. But it seems to have been had without objection from either party, and there is no exception that brings the error, if any, to our notice. There is an exception to the judgment, but none to the mode which the court took to reach a judgment. There is no controverted question of fact in the case. The questions to be determined are purely legal, and though the mode taken to reach a final determina-

tion of them, may not have been strictly formal, both parties have acquiesced in it, and sought the judgment of the courts below without resistance to the case being entertained and adjudicated there.

It is contended that it is not pleaded nor proved that Maxwell was let to go by reason of the discharge. The answer sets up the discharge, and avers that thereupon Maxwell was discharged from imprisonment. It was proven that the discharge was handed to the defendant and that he was asked if Maxwell would be let to go, that the defendant took time to advise with his counsel; and that the next day Maxwell was at home beyond the liberties of the jail.

There can be no inference reasonable, but that in consequence of the mandate of the discharge the debtor was set free.

The judgment should be affirmed.

All concur, except RAPALLO, J., absent.

Judgment affirmed.