ROCHESTER, H. & L. R. Co. *v.* HARTSHORN *et al.*

(*Supreme Court, General Term, Fifth Department.*   October 19, 1889.)

1. ESTOPPEL—IN PAIS.

The owners of land agreed with a railroad company, in view of a proposed condemnation of it, and in consideration of a bond of the company to pay the damages awarded in such a proceeding, to permit it to enter and construct its road on the land "required for its right of way and for the construction of its railroad in accordance with its map on file."   The company took possession of the land so described, and built its road thereon.   *Held,* that the owners were estopped to object that the land so appropriated was not such as the company had a right to condemn for the purposes for which it was used.

2. EMINENT DOMAIN—PROCEDURE—WAIVER OF OBJECTIONS.

Laws N. Y. 1850, c. 140, § 15, provides that on presenting a petition for the condemnation of land, with proof of service, all persons affected thereby may show cause against granting the petition.   If no sufficient cause is shown the court shall appoint commissioners.   *Held* that, where the owners of land made no answer to the petition, and no objection to the proceedings, until after the award of the commissioners, to whose appointment they consented, such objection came too late.

3. SAME—SECOND APPLICATION.

Where the finding of the commissioners was set aside on appeal, a second application to the special term was a continuation of the original proceeding; and the addition of the receiver of the company, who had been appointed meantime, did not make it necessary to file a new petition, nor give the owners of the land a right to file an answer, which they had waived by proceeding under the original petition without objection.

Appeal from special term, Monroe county.

Application of the Rochester, Hornellsville, and Lackawanna Railroad Company against Charles H. Hartshorn and others for the condemnation of land under the general railroad act.   From several orders of the special term Hartshorn and others appeal.   For opinion on former appeal, see 2 N. Y. Supp. 457.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*D. L. Benton*, for appellants. *Frank S. Smith*, for railroad company, respondent. *De M. Page*, for the receiver, respondent.

DWIGHT, J. Of the four appeals the first is said to have been taken only *pro forma;* the second raises the question of the necessity or propriety of bringing in the receiver of the petitioner, appointed since the proceedings were commenced, as a party to the proceedings; the third is from an order denying the appellants' motion for leave to file an answer, after an award and an order, on appeal, for a rehearing; and the fourth is from an order appointing commissioners for such rehearing. The third appeal presents the principal question in the case.

The facts are as follows: Charles Hartshorn, the husband of one and the father of the other of the present land-owners, had entered into an agreement with the railroad company to sell to it a right of way, at a price agreed upon, over the lands in question, by the route which was finally adopted. After his death the appellants, who took title to the lands as his widow and heir at law, declined to carry out that agreement. Negotiations between the parties resulted in an arrangement by which the railroad company were to take immediate possession of the lands in question, and proceed with the construction of their road thereon, upon giving a bond to pay to said owners such damages as should be finally awarded to them within 20 days from the date of the final order confirming the report of commissioners, in proceedings to be instituted for the condemnation of such lands. The bond was given and accepted. The grant or license was duly executed under the hands and seals of the appellants, granting to the petitioner the right to enter upon and take possession of such of the appellants' lands "as are included in and required for its right of way and for the construction of its railroad in accordance with its map on file;" and the company entered into possession of the lands, and proceeded to construct its road thereon. The condemnation proceedings were commenced by the presentation of the petition herein at special term in November, 1887. As was contemplated by the agreement between the parties, the appellants duly appeared at such term, and, without answering or objecting to the petition, consented to the appointment of commissioners to appraise their damages; the appellants themselves naming one of the commissioners thus appointed. They also appeared before the commissioners at the time fixed by the order, and, without any objection to the proceedings on their part, made their proofs in respect to the value of the lands, which had already been appropriated by the petitioner to the purposes for which they were sought to be condemned. The commissioners having made their award, the land-owners opposed the confirmation of their report, and appealed to this court from the order of special term confirming the same. On such appeal that order was reversed, and the report set aside, on the ground that the agreement of Charles Hartshorn, the ancestor of the appellants, was improperly received in evidence by the commissioners. See *In re Railroad Co.*, 2 N. Y. Supp. 457. The order of the general term also directed a rehearing of the petition, and a new appraisal by new commissioners, with costs of the appeal to be paid by the petitioner. In pursuance of that order the petitioner moved at special term for the appointment of new commissioners. The application was met by the objection on the part of the land-owners that the receiver of the petitioner (appointed since the commencement of the proceedings) was a necessary party to further proceedings; and by an application, on the part of the land-owners, for leave to file an answer to the petition. In response to the objection stated an order was made bringing in the receiver as an additional party petitioner, leave to file an answer was denied, and new commissioners were appointed.

We think there was no just ground for either of the appeals now before us.

*First.* The appellants are estopped to deny the right of the petitioner to

condemn the lands in question. They had granted to the petitioner, in anticipation of proceedings to acquire the necessary title, and in consideration of the bond of the latter to pay the damages to be awarded in such proceedings, the right to enter upon those lands, and construct their road. The lands referred to in the license—being those "required ·for its right of way and for the construction of its railroad in accordance with its map on file"—were the same as those described in the petition. The petitioner had gone on under that license, had taken possession of the lands so described, and constructed its road thereupon at great expense. The appellants could not afterwards be heard to object that the lands so appropriated were not such as the petitioners had a right to condemn for the purposes for which they were appropriated and used under such license. It is not considered necessary to cite authorities for so clear an application of the principle of estoppel.

*Second.* The appellants had effectually waived all objections to the proceedings for condemnation taken by the petitioner. They interposed no answer to the petition, and made no objection to the proceedings, until after the award of the commissioners, to whose appointment they had consented. They exercised an undoubted right in appealing from the order confirming that award, and the order of this court, on such appeal, which, besides reversing the order appealed from, directed a new appraisal by new commissioners, determined the rights of the parties in that respect. The statute (Laws 1850, c. 140, § 15) provides that "on presenting such petition to the supreme court as aforesaid, with proof of service, * * * all persons whose estates or interests are to be affected by the proceedings may show cause against granting the prayer of the petition. * * * The court shall hear the proofs and allegations of the parties, and, if no sufficient cause is shown against granting the prayer of the petition, it shall make an order" for the appointment of commissioners. And there are many authorities to the effect that, after the appointment of commissioners, and especially after a hearing upon the merits, it is too late to object to the regularity of the proceedings and the petition. See *Dyckman* v. *City of New York*, 5 N. Y. 434; *Railroad Co.* v. *Corey*, 5 How. Pr. 177; *In re Railroad Co.*, 45 Hun, 126.

The second application to the special term was not a proceeding *de novo*, but a continuance of the original proceeding in pursuance of the order of the general term. The fact that a receiver of the petitioner had been appointed in the mean time did not change the *status* of the proceeding. It might still, no doubt, have been prosecuted by the receiver in the name of the original petitioner, and the addition of the receiver as a party petitioner did not prejudice or affect any right of either party. It did not make it necessary that a new petition should be filed, nor give to the appellants the right to file an answer, which they had waived by proceeding under the original petition without objection. We do not consider it necessary to consider the objections now sought to be raised to the petition. We may remark that they do not seem to us serious, even if taken by a party who had the right to raise them, and in time. It is enough, we think, for the purpose of this appeal, that they were waived by the appellants. The orders appealed from should be affirmed. All concur. Orders appealed from affirmed, with $10 costs and disbursements in each case.