*In re* MYRICK.

(*Supreme Court, General Term, Fifth Department.* March, 1891.)

APPEAL—REVIEW—OBJECTIONS WAIVED.

Where an order appointing commissioners under Laws N. Y. 1883, c. 113, as amended by Laws 1884, c. 281, to assess damages to property resulting from a change of the grade of the street on which such property abuts, is not appealed from, the question whether there has been such a change of grade as is contemplated by the statute is waived, and cannot be considered on appeal from an order confirming the award of the commissioners.

Appeal from special term, Cattaraugus county.

Petition by Dorcas S. Myrick for the appointment of commissioners to assess the damages to petitioner's property resulting from a change of the grade of the street in the village of Olean, on which such property abutted. From an order confirming the award of the commissioners the village appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*F. L. Eaton,* for appellant. *Frank Rumsey,* for respondent.

DWIGHT, P. J. The proceeding was under the provisions of chapter 113 of the Laws of 1883, as amended by those of chapter 281 of the Laws of 1884. The village made answer to the petition for the appointment of commissioners, denying, among other things, that there had been any change or alteration of the grade of the street in question "as contemplated by chapter 113 of the Laws of 1883." Nevertheless the order appointing commissioners was, as appears by its recitals, made on the consent of the village, and no appeal was taken from that order. Commissioners being thus appointed, the village appeared before them, and gave evidence on the question of damages; and, the commissioners having made their report awarding the sum of $1,000 to the petitioner, which was confirmed at special term, this appeal was taken from the order of confirmation. No objection is made to the proceedings of the commissioners, nor to the amount of the award, but the contention of the appellant is confined to the proposition that the case was not within the provisions of the statute under which the proceeding was taken, for the reason that the action of the village complained of was not a change of grade, because none had been previously established, but was the establishment of a grade for the first time. The contrary of this proposition has been directly held by this court at general term in both the second and third departments, (*Bartlett* v. *Tarrytown,* 5 N. Y. Supp. 240, 8 N. Y. Supp. 739; *McCall* v. *Saratoga Springs,* 9 N. Y. Supp. 170,) and we should probably not be disposed to dissent from the conclusion reached by our brethren if the question were properly before us. We think it is not before us, because the order appointing commissioners was not appealed from, but was granted by consent, and this appeal is only from the order confirming the award of damages. The objection was one which should have been raised at the first step of the proceeding. It was raised or suggested by the answer to the petition, but seems to have been waived when the order was consented to, and was certainly

waived when no appeal was taken from that order, and the question of damages was litigated before the commissioners. So we held, in effect, in the case of *In re Rochester, H. & L. R. Co.*, to acquire lands of Hartshorn, (7 N. Y. Supp. 279;) and so it was held in *Bartlett* v. *Tarrytown*, 8 N. Y. Supp. 739. See, also, *Dyckman* v. *City of New York*, 5 N. Y. 434; *Railroad Co.* v. *Corey*, 5 How. Pr. 177. The order appealed from should be affirmed, with costs. All concur.