EVA DWIGHT, Respondent, *v.* THE ELMIRA, CORTLAND AND
NORTHERN RAILROAD COMPANY, Appellant.

*Supreme Court, Fourth Department, General Term, February* 15, 1890.

*Appeal.   Case.*—Where the case on appeal contains no certificate of the
referee that he has settled it, nor any certificate of the clerk as required
by section 1353 of the Code, the appeal will not be heard but the case
will be sent back.

Appeal from a judgment entered upon the report of a
referee in Tompkins county in favor of the plaintiff for $503
damages, besides the costs of the action.

Plaintiff was the owner of a farm in the town of Dryden,
Tompkins county, adjoining the defendant's line of railroad,
and brings this action to recover damages alleged to have
been done to his farm by fire escaping from a locomotive of
the defendant in July, 1886 ; the fire having spread to
plaintiff's land and caused a destruction of growing grass,
injury to the turf or sod and injury and destruction of fruit-
bearing apple and cherry trees.

*James Armstrong*, for appellant.

*Raymond L. Smith*, for respondent.

HARDIN, P. J.—The case and exceptions before us contain
no evidence that the referee has settled the case as required
by rule 32.   The appeal book contains a printed form in
respect to a settlement of the case, but the same is not signed
by the referee.   Rule 35 provides, " No case or exceptions
to be annexed to the judgment roll shall hereafter be filed

with the clerk of the court, unless the same is so ordered by the judge or referee who tried the cause."

(2.) The appeal papers do not contain a certificate of the county clerk as required by § 1353 of the Code of Civil Procedure.

The observance of the rule laid down in that section is regarded as important. Lewisohn v. Niederwiesen, 40 Hun, 545. In the case just cited the court observed: " We refrain from any consideration of the merits, and send the case back to be properly certified. The observance of the duty imposed by § 1353 is regarded as extremely important. The object of the section is undoubtedly for the purpose of securing the presentation to the appellate court of the entire proceedings sought to be reviewed. Case sent back to be properly certified."

Case sent back for such action or proceeding as counsel may deem advisable.

MARTIN and MERWIN, JJ., concur.