Dwight, P. J.
The proceeding was under the provisions of chapter 113, of the Laws of 1883, as amended by those of chapter 281 of the Laws of 1884. The village made answer to the petition for the appointment of commissioners, denying, among other things, that there had been any change or alteration of the grade of the street in question, “ as contemplated by chapter 113 *325 of the Laws of 1883." Nevertheless, the order appointing commissioners was, as appears by its recitals, made on the consent of the village, and no appeal was taken from that order. Commissioners being thus appointed, the village appeared before them and gave evidence on the question of damages, and the commissioners having made their report awarding the sum of $1,000 to the petitioner, which was confirmed at special term, this appeal was taken from the order of confirmation. No objection is made to the proceedings of the commissioners, nor to the amount of the award, but the contention of the appellant is confined to the proposition that the case was not within the provisions of the statute under which the proceeding was taken, for the reason that the rction of the village complained of was not a change of grade, be-3ause none had been previously established,-but was the establishnent of a grade for the first time. The contrary of this proposition has been directly held by this court at general term, in both he second and third departments, Bartlett v. Tarrytown, 52 Hun, 180; 24 N. Y. State Rep., 272, and S. C., 8 N. Y. Supp., 789; 30 N. Y State Rep., 341; McCalls. Saratoga Springs, 9 id., 170; 29 N. Y. State Rep., 699'; and we should, probably, not be disposed to dissent rom the conclusion reached by our brethren, if the question were uoperly before us. We think it is not before us, because the >rder appointing commissioners was not appealed from, but was ;ranted by consent, and this appeal is only from the order eonirming the award of damages.
The objection was one which should have been raised at the irst step of the proceeding. It was raised, or suggested, by the ■nswer to the petition, but seems to have been waived when the rder was consented to, and was certainly waived when no appeal ms taken from that order, and the question of damages was litiated before the commissioners. So we held, in effect, in the case if In re. R. L. & H. R. R. Co to Acquire Lands of Hartshorn, 26 N. Y. State Rep., 753, and so it was held in Bartlett v. Tarrytown, N. Y. Supp., 739; 30 N. Y. State Rep., 341, supra; see, also, Dyckman v. The Mayor, 5 N. Y., 434; N. Y. & E R. R. Co. v. Corey, 5 How. Pr., 177. Theorder appealed from should be (firmed.
Order appealed from affirmed, with costs.
Macomber and Corlett, JJ., concur.