## DE MOTT *v.* KENDRICK.

*(Supreme Court, General Term, Fourth Department. September, 1892.)*

1. RECORD ON APPEAL—FINDINGS OF FACT.

The statement in a case as settled that "the foregoing are the minutes of all the testimony taken and proceedings had" is not a certificate that "the case contains all the evidence," such as the practice requires in order to review a finding of fact which has evidence to support it.

2. PARTNERSHIP—DISSOLUTION—POWERS OF PARTNERS.

Plaintiff and defendant were partners under an agreement providing that on dissolution their mutual rights should be adjusted either by agreement or by appraisers, and that defendant should pay plaintiff his "just proportion and part of said property and effects, arrived at as aforesaid, when his interest ceases in the partnership." *Held*, that where, after dissolution, though plaintiff had received his share of the assets of the partnership, there had been no adjustment of any sort, plaintiff retained his interest in a partnership claim against a third party, and that he had the same right to settle it as defendant.

Appeal from judgment on report of referee.

Action by William H. De Mott against Francis M. Kendrick. From a judgment for defendant, entered in Oneida county on the report of a referee, plaintiff appeals. Modified.

For former report, see 17 N. Y. Supp. 630.

The action was for an accounting between the parties as members of the firm of F. M. Kendrick & Co., and for a judicial settlement of the affairs of said copartnership. The copartnership was dissolved May 9, 1889, by notice, given by plaintiff pursuant to the articles of copartnership between the parties. The parties entered into an agreement in writing June 19, 1883, by which they formed a copartnership. The agreement was as follows: "This agreement, made this 19th day of June, 1883, between F. M. Kendrick, of Utica, and W. H. De Mott, of the same place, is as follows: The parties hereto have this day formed a copartnership under the name of F. M. Kendrick & Co., to commence July, 1883, and to continue three years, and after that time until one of the parties hereto gives the other party three months' notice that he puts an end to the partnership. This partnership and its business is manufacturing and selling cigars and tobacco, and such other articles and merchandise as are manufactured and sold by wholesale and retail dealers in that trade. That accurate and just books of account shall be kept of said business, and of all the dealings and business of said firm, of all purchases and sales, all goods manufactured, money received or paid out for any purpose, all moneys paid in or drawn out by the parties, and which shall contain a true and accurate account of all property, money, dealings, and business of said firm, and which books shall at all times be open to inspection and examination of each party hereto. That said Kendrick shall contribute as his capital to this partnership the sum of ——— dollars, and the said De Mott shall contribute the sum of ——— dollars. The capital of said Kendrick to be the merchandise and property he shall purchase of the existing firm of F. M. Kendrick & Co., and such money as he shall contribute. The other party is to put in cash. Each of said copartners shall have for services the sum of twelve hundred dollars per year, to be drawn out of the business monthly. The said Kendrick is to have and receive in the division of profits one fifth of the whole thereof; the residue is to be divided between the parties in proportion to the capital contributed by each: provided, however, if the dividend to be divided to the said ——— shall not equal twelve per cent. upon his capital so contributed, then, in that case, said Kendrick shall not have and receive the said one fifth of said profits. The losses and expenses to be borne

in proportion to the capital contributed. Kendrick hereby puts into the firm the good will of the business of the existing firm of F. M. Kendrick & Co., and at the dissolution of this firm he is to have and retain the good will of the business of this firm as his own right. At the dissolution of this partnership the said De Mott shall have and receive his just proportion of the property and effects of said copartnership. That an inventory of the same shall be taken by the parties hereto, and, if unable to agree upon the value, two appraisers shall be selected, one by each, to value the same. If then unable to agree, said appraisers to agree upon a third, when the valuation of two shall control, and, after deducting from the value of the property and effects of the firm what is then owing to other parties, together with bad debts and losses, said Kendrick shall pay to the said De Mott his said just proportion and part of said property and effects, arrived at as aforesaid, when his interest ceases in the copartnership." The parties went into business under that agreement about the time it was made, and continued in business under it until May 9, 1889, when the partnership was dissolved. An inventory of the assets of the firm on May 9, 1889, was taken by the firm or its employes, but the parties did not agree on values. No appraiser was appointed by the plaintiff to put a value upon said assets, and no such appraiser was appointed by the defendant until after the commencement of this action. The value of said assets was not obtained in pursuance of said agreement.

This action was commenced on the 16th day of May, 1889, and on the 25th of the same month the defendant served a notice on the plaintiff that he had appointed an appraiser to inventory the effects of the firm in accordance with the agreement, but no further steps towards an inventory by appraisers were taken.

The assets of said firm on May 9, 1889, consisted of the following:

| | |
|---|---:|
| Cash in bank, | $ 8,582 16 |
| Book accounts, | 16,715 89 |
| Leaf tobacco, | 6,184 69 |
| Pennsylvania wrapper, (leaf,) | 888 50 |
| Other stock, | 8,181 81 |
| Fixtures, | 1,463 64 |
| | $42,016 69 |

The books accounts included in the above to the amount of $1,973.56 were of little or no value, and that sum should be deducted from the above total, leaving the assets at $40,043.13. The liabilities of said firm at the same date were as follows:

| | |
|---|---:|
| Bills payable, | $8,750 89 |
| To Goodier & Wolcott, | 125 00 |
| Total, | $8,875 89 |

The assets for distribution between the partners on May 9, 1889, were of the value of $31,167.24.

At the commencement of the business plaintiff put in as capital $12,000, and defendant $21,475.15. On each February following the commencement of business down to and including February, 1887, an inventory was taken, the accounts of the partners with the firm adjusted, profits apportioned, and the respective interests of each partner in the assets of the firm ascertained and credited to him in the books as his new capital. Plaintiff's capital, as thus ascertained, in February, 1887, was $14,869.10, and defendant's was $33,058.79. The profits of the year ending in February, 1888, were $5,886.41. Of these profits the defendant was erroneously credited with one fifth, thus leaving less than 12 per cent. on the capital of each partner to be apportioned

to them. If the plaintiff had been credited with 12 per cent. on his capital, in accordance with the partnership contract, his new capital February 9, 1888, would have been $14,205.87, and defendant's new capital would have been $37,095.96. The profits of the year ending February, 1889, were $968.72. The plaintiff was entitled to his ratable proportion of this, based on his capital as above given, to wit, $268.35; and the defendant was entitled to $700.37. Plaintiff should have been credited in February, 1889, as follows:

| | |
|---|---:|
| Capital, | $14,205 87 |
| Profits, | 268 35 |
| Other credits, | 1,703 45 |
| | $16,177 67 |

He was chargeable as follows:

| | |
|---|---:|
| Moneys drawn, | 2,745 18 |
| His new capital was | $13,432 49 |

Defendant should have been credited at the same time as follows:

| | |
|---|---:|
| Capital, | $37,095 96 |
| Profits, | 700 37 |
| Other credits, | 1,927 66 |
| | $39,723 99 |
| He was chargeable at the same time with | 1,903 29 |
| His new capital was | $37,820 70 |

On May 9, 1889, plaintiff was entitled to be credited with his

| | |
|---|---:|
| Capital, | $13,432 49 |
| Salary, | 333 33 |
| | $13,765 82 |
| He was chargeable with | 937 61 |
| Making his apparent capital May 9, 1889, | $12,828 21 |

On the same date defendant was entitled to be credited his

| | |
|---|---:|
| Capital, | $37,820 70 |
| Other credits, | 682 99 |
| | $38,503 69 |
| He was chargeable with | 1,026 20 |
| Making his apparent capital May 9, 1889, | $37,477 49 |

The shares of the parties in the assets of the firm May 9, 1889, (found to be of the value of $31,167.24,) based on their apparent capital, as above stated, were as follows: Plaintiff's, $7,948.07; defendant's, $23,219.17. Plaintiff received on May 13, 1889, $1,000 of the funds of said firm, and on May 16, 1889, he received $7,200 of the funds of the firm, which sums he retained on account of his share in the partnership property.

At the time of the dissolution of the firm there was an action pending, in which the said partners were plaintiffs and Timothy Dasey and Daniel M. Leahy were defendants, to recover of said defendants, as guarantors, the amount of an account owing to the firm by one Collins, and included in the above-mentioned book accounts, and valued at its face, to wit, $494.26. On March 11, 1890, the plaintiffs recovered a judgment in that action for $551.80 damages and $176.15 costs. Subsequently the plaintiff in this action executed

and delivered to the defendants in that action a satisfaction of said judgment, and received from them $525.

The foregoing are substantially the facts as found by the referee. As conclusions of law he found "that the value of the assets of said copartnership at the time of its dissolution, May 9, 1889, was $31,167.24, and that plaintiff's just proportion thereof was $7,948.07, and that the defendant's just proportion thereof was $23,219.17; that in drawing and receiving from the partnership funds $8,200, plaintiff received $251.95 more than his just proportion of the firm's assets, and defendant is entitled to recover that sum from the plaintiff, together with interest thereon since May 16, 1889, amounting at this date to $28.43; that on receiving, May 16, 1889, the full value of his interest in the partnership property, plaintiff ceased to have any right or interest in said partnership property, and defendant became the owner of the assets of said partnership, and of the whole thereof, and defendant is entitled to judgment settling the accounts of the partners as above, and awarding to him all the assets of the partnership as of May 9, 1889, including said claim against Collins of $494.26, and his sureties, Dasey and Leahy. Each party shall pay his own costs, but the party taking up this report and paying the referee's fees may tax one half thereof against the other party, and have due allowance therefor in the judgment herein. Judgment is directed accordingly."

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Matteson & De Angelis,* for appellant.    *Goodier & Wolcott,* for respondent.

MARTIN, J. The case as settled contains the following: "The foregoing are the minutes of all the testimony taken and proceedings had on the said trial." An examination of the appeal book renders it quite manifest that the case as settled does not contain all the evidence given on the trial. None of the plaintiff's exhibits, except the partnership agreement, are to be found in the case; nor are the defendant's Exhibits A, B, C, D, and F set forth therein. Under the practice as it now exists, it is the duty of the appellant desiring to review questions of fact to see that the case contains a certificate that all the evidence has been included, or all bearing on the questions sought to be reviewed, and, in the absence of such certificate, the general term will not review such questions. *Porter* v. *Smith*, 107 N. Y. 531, 14 N. E. Rep. 446; *Wellington* v. *Improvement Co.*, (Sup.) 5 N. Y. Supp. 587; *Dwight* v. *Railroad Co.*, (Sup.) 8 N. Y. Supp. 789. We think there was no such certificate as the practice requires. If the above statement could be regarded as a certificate, it is not in compliance with the practice. The statement is that "the foregoing are the minutes of all the testimony taken and proceedings had," not that the case contains all the evidence, or the foregoing is all the evidence, or all the evidence bearing upon the questions sought to be reviewed. We are disposed to think that the case did not contain the certificate required by the practice, and that the court is not required to review any finding of fact in the case where there was any evidence to support it. We have, however, examined all the evidence contained in the appeal book, and think it was sufficient to justify the findings of fact made by the referee. The evidence discloses quite clearly that in the month of February of each year, from the commencement of the copartnership until and including February, 1889, an inventory of the partnership property was taken by the firm, the accounts of the partners adjusted, the profits of the business apportioned between them, and the interest of each partner in the assets of the firm ascertained and credited to him in the copartnership books as his new capital. From the evidence before us we cannot say that the referee erred in treating these adjustments as binding upon the parties. When we examine the evidence bearing upon the findings of the referee, and his statement of the accounts between the parties subsequent to February, 1887, we fail to find any evi-

dence that would justify us in disturbing such statement and findings. We are also of the opinion that the referee was justified in finding that $1,973.56 of the accounts which constituted a part of the assets of the firm were of no value, and in deducting that amount from the firm assets to ascertain the true value thereof.

The plaintiff contends that the referee erred in holding that upon receiving the full value of his interest in the firm property on May 16, 1889, he ceased to have any interest in the partnership property, and it vested in the defendant, including the claim for $494.26 against Collins as principal and Dasey and Leahy as sureties. We think the plaintiff is right in this contention. The partnership contract provided that when the rights of the parties should have been adjusted, either by agreement or by appraisers, the defendant should pay the plaintiff "his said just proportion and part of said property and effects, arrived at as aforesaid, when his interest ceases in the copartnership." It will be observed that by the contract the plaintiff's interest in the copartnership or its property was not to cease or vest in the defendant until the partnership matters were adjusted, either by agreement or by appraisers, as pointed out in the contract. Before the commencement of this action the copartnership matters had not been adjusted, either by agreement or appraisers. Indeed, no such adjustment was ever had. Hence, when this action was tried, the plaintiff retained an interest in all the partnership property, including the claim against Collins and others, and had the same right to settle that claim that the defendant had. *Robbins* v. *Fuller*, 24 N. Y. 570; *Gillilan* v. *Insurance Co.*, 41 N. Y. 376; *Gates* v. *Beecher*, 60 N. Y. 525; *Van Doren* v. *Horton*, 19 Hun, 9. The parties have, however, waived the provisions of the agreement as to the manner of adjusting their partnership matters, and have submitted their rights to the adjudication of the courts, so that a determination of the questions involved in this case will be conclusive upon them. This being so, and the evidence bearing upon the question of the Collins claim being before us, we think the judgment should not be reversed, but modified so as to charge the plaintiff with the amount received on the Collins claim, instead of adjudging the claim to belong to the defendant. That the plaintiff has received more than his full proportion of the property of the firm, besides the amount received on the settlement of the Collins, Dasey, and Leahy claim, was found by the referee, and the finding was justified by the evidence. Therefore the sum received by him on that settlement justly belongs to the plaintiff. The judgment should therefore be modified by striking out that portion which awards the title to the claim against Collins and others to the defendant, and by adding to the amount of the defendant's recovery the amount received by the plaintiff on such settlement, and, as so modified, affirmed.

Judgment modified by striking out the portion thereof which awards the title to the claim against Collins, Dasey, and Leahy to the defendant, and by adding to the amount of the defendant's recovery the sum of $525, thus making the amount of the recovery by the defendant against the plaintiff the sum of $947.38, instead of $422.38, and, as so modified, affirmed, without costs to either party. All concur.