FRANCIS BONNEFOND, Respondent, *v.* AUGUSTA C. DE RUSSEY and
   Others, Defendants; EMMA H. DE RUSSEY, Appellant.

*Stipulation waiving the certification of a case — when a case will be sent back for settle-
ment and certification.*

A stipulation contained in a case signed by the attorneys for the respective parties,
   waiving certification of the case and exceptions, and consenting that the same
   be filed, does not cure the defect arising from a failure to have the case and
   exceptions settled by the referee before whom the action was tried.

Where a case on appeal contains nothing to show that the case and exceptions
   were settled by the judge or referee before whom the action was tried, and
   neither a certificate of the clerk under section 1353 of the Code, nor a stipula-
   tion of the attorneys under section 3301 thereof, the case should be sent back
   for settlement and certification.

APPEAL by the defendant, Emma H. De Russey, from a judg-
ment of the Supreme Court in favor of the plaintiff, entered in the
office of the clerk of the county of Delaware on the 13th day of
June, 1892, upon the report of a referee, with notice of an intention
to bring up for review, on such appeal, the report of the referee, his
findings and his refusals to find.

   *Talcott & Meyer,* for the appellant.

   *J. I. Foote,* for the respondent.

MERWIN, J. :

   The papers in this case include what purports to be a case and
exceptions. There is, however, nothing to show that the case and
exceptions were ever settled by the referee, as required by section
997 of the Code, or ordered to be filed as required by rule 35.
There is a stipulation over the names of the attorneys for the respect-
ive parties stating that " certification of the above and foregoing
case and exceptions is hereby waived, and it is consented that the
same be filed." This does not cure the defect. The provision that
the case should be settled by the judge or referee who tried the
cause is a wholesome one (*Reese* v. *Boese*, 92 N. Y. 632), and should
be enforced. (*Dwight* v. *Elmira, C. & N. R. R. Co.*, 29 N. Y.
St. Repr. 250 ; *McNish* v. *Bowers*, 30 Hun, 214.) Nor is there

any certificate of the clerk under section 1353 of the Code, nor any stipulation of the attorneys under section 3301, as amended in 1882 and 1890. The case should be sent back for settlement and certification.

HARDIN, P. J., and MARTIN, J., concurred.

Case sent back to be properly settled and certified.

ISAAC OSTRANDER, Plaintiff, *v.* EGBERT SNYDER, Defendant.

*Parol evidence to show the purpose of a due bill — parol agreement to share profits or losses in a real estate speculation — Statute of Frauds — evidence.*

Parol evidence is admissible, as between the parties to a written instrument in the form of a due bill, to show that its purpose and design were different from what its language if alone considered would indicate, namely, that instead of being a due bill for money loaned it was a memorandum of money furnished to the maker to invest in real estate on joint account.

It is not essential to the validity of an agreement between parties to share in the profits or losses of a contemplated speculation in real estate that it should be in writing ; such an agreement does not involve such an interest in the property as, under the statute, requires a written contract.

Evidence of any circumstance which tends to make the proposition at issue either more or less improbable is relevant.

MOTION by the defendant, Egbert Snyder, for a new trial, made upon a case containing exceptions, under section 1001 of the Code of Civil Procedure, on the entry in the office of the clerk of Otsego county of an interlocutory judgment upon a decision rendered after a trial by the court at the Otsego Special Term.

The action was brought to obtain an accounting between the parties for all matters arising out of an alleged partnership transaction in real estate, and that the defendant be adjudged to have received and held the title to the real estate in question in trust for the benefit of the plaintiff to the extent of his interest therein, in pursuance of the alleged partnership agreement.

January 3, 1893, on the decision of the court at Special Term, an interlocutory judgment was entered herein whereby it was adjudged that an agreement was made in November, 1890, between the plain-