Rosa Flood, Appellant, *v.* Sarah Cain, Individually and as Guardian of Nellie Cain and Others, Infants, and Others, Respondents.

*Mortis causa gift by deed — burden of proof — review of questions of fact.*

In an action brought to set aside a conveyance of real estate upon the ground that it was executed by the grantor in apprehension of death, and that the grantee agreed to reconvey the same to the grantor in case she survived, the burden of establishing that the conveyance made was a conveyance *causa mortis* is upon the plaintiff.

The General Term will not review a question of fact upon an appeal where the case contains no statement that it contains all of the evidence; and when the case has not been settled and ordered filed by the trial judge, if no error appears in the judgment roll, the judgment must be affirmed.

Appeal by the plaintiff, Rosa Flood, from a judgment of the Supreme Court in favor of the defendants, entered in the office of

the clerk of the county of New York on the 24th day of July, 1893, upon the decision of the court on a trial at the New York Special Term dismissing the plaintiff's complaint upon the merits and for costs.

*Brooke, O'Sullivan & Brooke,* for the appellant.

*James O'Neill,* for the respondents.

FOLLETT, J.:

By a deed dated September 30, 1884, acknowledged November 10, 1884, and recorded January 27, 1885, the plaintiff conveyed certain real estate in the city of New York to Peter Cain for the recited consideration of one dollar. From that time on the grantee retained the title and collected the rents, through the plaintiff, until January 7, 1890, when he died, devising the property to the defendants in this action. On the 15th of October, 1890, this action was begun seeking to set aside the conveyance upon the ground that it was executed by the grantor in apprehension of death, and that the grantee agreed to reconvey it to her in case she survived. It will be observed that nearly six years elapsed between the date of the deed and the death of the grantee, and no proceedings were taken to compel a reconveyance. The only question in this action is one of fact, whether the conveyance was a deed of gift in anticipation of death. The parties to the deed were brother and sister, and it appears from the record, for several years preceding the death of Peter Cain, they had various transactions in respect to their property — conveyances from one to the other. The burden of establishing that this was a conveyance *causa mortis* was upon the plaintiff. The learned judge at Special Term held that upon the evidence the plaintiff failed to establish the cause of action alleged in her complaint. Assuming that all of the evidence given upon the trial is contained in the record, we cannot say that this decision is contrary to the weight of evidence, but there is an insurmountable difficulty in considering the question as to whether the decision is contrary to the weight of evidence. So far as we can discover, the case contains no statement that it contains all of the evidence, and in the absence of such a statement, this court will not review a question of fact.

The case does not seem to have been settled and ordered filed by the trial judge, and no error appearing in the judgment roll, the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.