INGRAHAM, J.
The action is brought to set aside an assignment for the benefit of creditors as fraudulent, and made with the intent to hinder, delay and defraud creditors. The assignor was in business as a retail jeweler in New York, and the foundation of the plaintiff’s claim seems to be the disappearance of 159 articles of jewelry, valued at $18,280, which, according to the assignor’s books, should have been in his possession at the time of his failure, but of which there were received by the assignee sixty-one pieces, inventoried at the nominal value of $1,178.75. This discrepancy is claimed to have been shown from an examination of the books only. There was testimony as to the estimates of the condition of the assignor’s stock of persons visiting his store during a period of three or four months prior to his assignment ; but the extent of this stock in his store was explained by the fact that he had on hand for sale a large amount of goods that did not belong to him, and, which were returned to the owners pior to the assignment. The books were introduced in evidence, and two witnesses were examined for the plaintiffs, who testified to an examination of the books and their contents. The trial justice found as a fact that the assignment was not made with the intent to hinder, delay, and defraud creditors, and the only question that is presented is as to the correctness of that finding of fact.
There is no statement in the record that the case as settled contains all the evidence before the court upon the trial. There is annexed to the case an affidavit of the plaintiff’s attorney that “ the foregoing is all the evidence taken at the trial of the action m question.” The opinion of the court states that there was an analysis of the books, which are not before us, submitted by the defendants, which explained the apparent discrepancy between the property received by the assignee and that which it is claimed by the plaintiffs the books showed should have been received by the assignee, but which he did not receive. It is clear that, the books not being before us, and this analysis being before us, it is impossible for us to review the finding of the judge upon this question of fact. The affidavit of the plaintiff’s attorney annexed to the case settled by the judge, that the case contains all of the evidence taken upon the trial, cannot take the place of a statement by the court which is made a part of the case; and we wish to emphasize the rule that, in the absence of an express certificate of the trial court that the case as settled contains all the evidence upon which the court acted in determining a question of fact, such determination cannot be reviewed on appeal. It is for the court to say what evidence was before it in determining the ques *676 tion submitted; and it is upon that evidence only that we can review the determination of the facts. The appellant, who brings the question before us, and asks to review the findings of fact, prepares the case, and it is in his power to insert in it all - the evi- • dence bearing upon the question of fact the determination of which he seeks to review, and he cannot complain that the court refuses to review the facts if his case, as prepared by him and settled by the judge, does not contain all the evidence bearing upon the question of fact.
A point is also made by the appellants that the trial judge erred in going outside the record in deciding the case. There is not, however, the slightest evidence presented by the record that the judge considered any fact not in evidence before him. The record shows that the books were in evidence before him. In his opinion, he states that the counsel for the defendants analyzed these books ; but a consideration of an analysis of evidence before the court is not “ going outside of the record.”
The sole foundation for the plaintiff’s attack upon this assignment is this alleged discrepancy between the stock of goods that should have been on hand according to the assignor’s books and. what the assignee received under the assignment; and from that the court is asked to draw an inference of an intent on the part of the assignor to reserve for his own use these articles which according to his books, he should have had on hand, but which he did not deliver to the assignee. To meet that, the assignor was called, and swore positively that all of the property that he had in his ' possession at the time of the assignment' was delivered to the assignee, and various explanations were given as to this discrepancy appearing on the books. That queátion was purely a question of fact for the court,depending entirely upon the correctness of the books, or the analysis of the books made by the plaintiffs' witnesses; and in the face of the evidence of the assignor, it was for the trial court to say whether the inference to be drawn from the books was sufficiently strong to overcome the direct oath of the assignor, and thus prove fraud. Even if we should assume to pass upon, this question of fact from this record, we do not think that we would be justified in reversing the determination of the court beloW on this question. There is not a particle of evidence, except this discrepancy before noted, that tends to show in any way that the assignor retained in possession or under his control any property which should have been delivered to the assignees after the assignment; and where there is a mere inference to oe drawn from books, on one side, which is contradicted by the positive oath of the assignor, on the other, a question is clearly presented for the determination of tne trial court. We, however, affirm this judgment upon the distinct ground that the record as made up does not present to ns the evidence before the trial judge.
The judgment appealed from is therefore affirmed, with costs.
All concur.