REVELSKI v. DROESCH.

(Supreme Court, Appellate Division, Second Department.    June 16, 1896.)

APPEAL—REVIEW OF FACTS.

Where a case on appeal does not contain certificate that all the evidence is set out therein, an order denying a motion to set aside a verdict for inadequacy of damages cannot be reviewed.

Appeal from city court of Brooklyn, trial term.

Action by Hannah Revelski against Louis Droesch for personal injuries. From an order denying a motion to set aside a verdict on account of inadequacy of damages, and for new trial, plaintiff appeals.    Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

J. Stewart Ross, for appellant.
Samuel T. Maddox, for respondent.

PER CURIAM.    The plaintiff recovered a verdict of six cents for injuries sustained by her in escaping from a burning dwelling. The defendant was the owner of the building, and it was sought to hold him liable on the ground that he had failed to provide proper fire escapes.    The plaintiff testified that her leg was broken, and that she was confined in St. Catherine's Hospital for over seven weeks in consequence of her injuries.    Plainly, for such injuries the verdict was entirely inadequate.    Therefore, if the evidence conclusively established the fact that the plaintiff was hurt to the extent testified to by her, or was confined in the hospital for seven weeks as the result of her injuries, the verdict should be set aside. We are also of opinion that as to this matter the jury were not at liberty to arbitrarily discredit the plaintiff.    If her statement was false, and she was not confined in the hospital, it was easy to contradict her.    But the difficulty with this appeal is that nowhere in the case is there a statement that it contains all the evidence.    The question whether a verdict is excessive or inadequate necessarily involves a question of fact.    It may be that other evidence was given, contradicting the testimony of the plaintiff, even though such evidence does not appear in the case.    For want of a proper certificate, we are without power to review the order appealed from, on the question argued before us.    Aldridge v. Aldridge, 120 N. Y. 616, 24 N. E. 1022; Cheney v. Railroad Co., 16 Hun, 419; McAvey v. Cassidy (City Ct. Brook.) 29 N. Y. Supp. 321; Koehler v. Hughes, 73 Hun, 167, 25 N. Y. Supp. 1061.

The order appealed from should be affirmed, with costs.