been had in the county court, and a verdict rendered; and the county court fell into the error of having ordered absolutely a reduction of the verdict. We are of the opinion that the court had power to make the order from which the appeal is taken, and we see nothing in the appeal book which indicates that it improperly exercised its discretion. We think the order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.

HORRIGAN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

A servant cannot recover for injuries caused by a defective machine where the defects were known to him before the accident, and he continued to work with the machine.

Appeal from circuit court Onondaga county.

Action by Patrick Horrigan against the New York Central & Hudson River Railroad Company for personal injuries. From a judgment for $114.06, costs, entered on a nonsuit, plaintiff appeals. Affirmed.

On May 14, 1891, the plaintiff was in the employ of the defendant, engaged with a wrecking crew of some 14 men, at De Witt. There was a derrick set up on an ordinary flat-bottom car, the derrick having a mast and boom, and was used in keeping the railroad tracks free from wreckage, and in transferring heavy bodies from one car to another. The car was originally fitted out with clamps, intended to hold the car on the track when under the strain of a heavy load; and it was claimed that the clamps had become dulled and blunt to some extent, so that they would not hold the car on the day of the accident. There was evidence tending to show that the car had been used for some time, and had become somewhat impaired, and that one of its sills was somewhat decayed and worm-eaten. The car was under the charge of Teller. Previous to the occasion of the injuries received by the plaintiff, he had observed that the car was somewhat impaired, and had called the attention of Teller to it. It seems, when they were engaged in using the car and derrick on the occasion of the injuries, the sill of the car broke, and the plaintiff, who was engaged in turning the derrick windlass, was thrown from the car, and his leg broken, and injured in some other respects. Plaintiff testified that he had observed whether the clamp would hold the car in position while the derrick was in use. He testifies: "I saw it pull right up one time, and tip over. About six or eight weeks before, when the clamp was on, it gave way, and the car rolled over, and threw off three or four men that were on it." He testified that he had known the car about six years, and "the timber of it— They were pine timber, and their dimensions, as nearly as I can state, were six by eight, or six by six, inches. * * * I noticed a kind of a dent or split across the sill. It came right above where it broke; * * * that is, the middle clamp. The side of the rent, I should guess, was about a quarter of an inch, and about eight inches long, along the sill of the car; the outside sill as to its depth. * * * What I observed about it before that— I mean while in operation—was, when we would be lifting any heavy purchase, it used to settle down until the sill over which we would be raising the burden would fall right pretty near the rail,—within a foot or fourteen inches of the rail. * * * When I observed it settle, we were raising railroad car trucks. * * * It broke just exactly about in that part of the car where that clamp stands, this side of the trucks. * * * The car was split clear across, and fell. The side split off. The break came with reference to this sill about the same place that I pointed out to the foreman; that is,

about ten feet from the end of the car,—from the end where the crane stood. * * * When the car tipped or rolled over, it turned me off all in a moment; six seconds didn't intervene when I was thrown to the ground. * * * I had noticed before this that it would creak when in operation, and settle down." In the course of the remarks made by the trial judge in granting the nonsuit he observed: "Here the plaintiff knew just as much about this defect as any one. He saw it. He had seen how the machine acted on previous occasions. He knew the danger, and yet he remained. * * * There is an assurance that what he had the same power to discover was not right by the use of his senses was all right."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

William Kennedy, for appellant.
Frank Hiscock, for respondent.

HARDIN, P. J.    1. There is a presumption that the judgment of nonsuit was properly granted.

2. There is no certificate in the appeal book that the case contains all the evidence delivered at the trial.    3 App. Div. 515, 38 N. Y. Supp. 307.

3. There was no motion for a new trial on the minutes.    The only exceptions reviewable are those taken to the refusal to submit the case to the jury, and to the granting of a motion for a nonsuit.    It is quite apparent from the evidence that whatever defects or imperfections existed in the car or derrick were known by the plaintiff prior to the accident, and that he was fully apprised of the extent thereof, and it is quite obvious that he assumed the risk of remaining in the use of the plant in the condition in which he knew it to be.

4. There was no evidence given tending directly to indicate that Teller was an incompetent servant, or that the defendant knew that he was incompetent; and, besides, the question as to his competency does not seem to have been agitated at the trial.

The foregoing suggestions lead to the conclusion that the judgment should be affirmed.

Judgment affirmed, with costs.    All concur.