### GREGORY v. CLARK et al.

(Supreme Court, Appellate Division, Third Department. June 28, 1900.)

1. APPEAL—REVIEW—CASE-MADE—SIGNATURE OF JUDGE—STIPULATION OF ATTORNEYS—EFFECT.

Under Code Civ. Proc. § 997, which provides that, if the appellant desires a review of a question of fact, he must make a case, the same to be settled and signed by the trial judge, where the record contained a stipulation signed by the respective attorneys that such record was a correct copy of the one filed with the county clerk, but did not show that any case had been settled or signed by the trial judge, or that he ordered the record to be filed with the county clerk, judgment of the trial court will not be reversed as contrary to the evidence.

2. SAME—EVIDENCE—CERTIFICATE OF JUDGE.
    Where the record does not contain any statement or certificate of the trial judge that such record contains all the evidence given on the trial, judgment of the trial court will not be reversed as against the weight of the evidence.

Appeal from trial term.

Action by Theodore M. Gregory against Squire Clark, individually and as executor, to partition certain lands devised by will to the defendant, Clark, and to set aside such will as having been procured by him through undue influence, and because the testatrix had not mental capacity to dispose of her property. The jury have found for the plaintiff, and from the judgment entered thereon this appeal is taken. Affirmed.

Argued before PARKER, P. J., and MERWIN, KELLOGG, and EDWARDS, JJ.

G. L. Smith and E. J. Baldwin, for appellant.
Frederick Collin and Judson A. Gibson, for respondent.

PARKER, P. J. This judgment must be affirmed for the following reason:

The record before us is not such as permits us to examine and pass upon the question of fact upon which the appellant relies for a reversal. If the appellant desires this court to review a question of fact, "he must make a case, and procure the same to be settled and signed by the judge by or before whom the action was tried." This is explicitly required by section 997 of the Code, and a stipulation of parties waiving it will not avail. Bonnefond v. De Russey, 73 Hun, 377, 26 N. Y. Supp. 193; Reese v. Boese, 92 N. Y. 632. In the record before us it nowhere appears that any case has ever been settled, nor that one has ever been signed by the trial judge. There is a stipulation signed by the respective attorneys on page 371 of the record, but that does not touch this question. It does not even purport to waive the settlement of the case or the signature of the trial judge. That stipulation is evidently made pursuant to the provisions of section 3301 of the Code, which allow parties to stipulate that the record filed in this court is a correct copy of the one on file in the county clerk's office. It takes the place, and avoids the expense of, a certificate of the county clerk to that effect. The utmost effect we can give to such stipulation, therefore, is that it certifies to us that the record before us is a true copy of a record made in this action, and filed in the clerk's office of Chemung county. Examining that record, we do not find that it has ever been presented to the trial judge for settlement, nor that he has ever signed it or ordered it filed.

And, further than that, we do not find in that record any statement, or even claim, that it contains all the evidence given upon the trial. Much less do we find the certificate of the judge that it does. Unless it appears that the record before this court contains all the evidence given upon the trial, we cannot reverse the conclusion of the trial court or jury on the ground that it is against the weight of evidence. Flood v. Cain, 78 Hun, 378, 29 N. Y. Supp. 156. And the fact must be made to appear by the certificate of the trial court. Manufacturing,

Co. v. Seale, 3 App. Div. 515, 517, 38 N. Y. Supp. 307. In these two particulars this record is clearly defective, and the appellant's claim that the evidence does not warrant the verdict of the jury cannot be sustained by us. For this reason, therefore, the judgment must be affirmed, with costs. All concur.