(65 App. Div. 244.)

### MEISLAHN v. IRVING NAT. BANK.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

1. APPEAL—REARGUMENT—DENIAL OF MOTION.

A motion for reargument because the court did not pass on movant's contention that the verdict was against the evidence, or on exception to denial of a motion for direction of verdict, must be denied, in the absence of a certificate that the case contains all the evidence, and where no reference was made in the brief to such exception, and the point was not argued.

2. SAME—EXCEPTIONS—QUESTIONS OF LAW.

An exception to a denial of a motion to nonsuit or direction of verdict presents a question of law, as to whether there is any evidence to take the case to the jury, and to that extent authorizes an examination of the facts, even in the absence of a certificate that the case contains all the evidence.

Motion for reargument, or, in the alternative, to amend order of affirmance. Motion denied.

For former opinion, see 70 N. Y. Supp. 988.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Ashbel P. Fitch, for appellant.

Chas. D. Ridgway, for respondent.

LAUGHLIN, J. The motion for reargument is made upon the ground that the court did not pass upon appellant's contention that the verdict is against the weight of evidence, or upon its exception to the denial by the trial court of its motion for a direction of a verdict. The appeal was submitted upon printed briefs without argument. One of the points made and discussed at length by the appellant was that the verdict was against the weight of the evidence. Upon the trial defendant made a motion for a nonsuit at the close of the plaintiff's case, and a motion for the direction of a verdict at the close of all the evidence,—principally, however, upon the ground that a verdict in favor of plaintiff would be against the weight of evidence. No exception was taken to the refusal of the court to nonsuit, but an exception was taken by defendant to the denial of its motion for the direction of a verdict. At the end of the appellant's brief the claim was made generally that plaintiff had failed to establish a cause of action, and that defendant's motion for the direction of a verdict should have been granted; but no reference was made to the exception, and the point was not discussed or argued. The statement of facts prepared by the justice who wrote the opinion is a complete summary of all the material evidence shown in the record, which, with the last paragraph of the opinion, clearly shows that the members of the court who concurred in the prevailing opinion considered that there was sufficient evidence to take the case to the jury. There was no serious conflict in the testimony, so far as the evidence was printed in this record; but, under the well-settled practice, owing to the absence of a certificate that the case contained all the evidence the court was not at liberty to review the facts to determine whether or not

the verdict was against the weight of evidence. Manufacturing Co. v. Seale, 3 App. Div. 515, 517, 38 N. Y. Supp. 307; Gregory v. Clark, 53 App. Div. 74, 65 N. Y. Supp. 687; Flood v. Cain, 78 Hun, 378, 29 N. Y. Supp. 156; Revelski v. Droesch, 6 App. Div. 190, 39 N. Y. Supp. 1008; Wynne v. Haight, 27 App. Div. 7, 50 N. Y. Supp. 187. In disposing of the appellant's contention that the verdict was against the weight of evidence, it was said in the prevailing opinion:

"There being no certificate that the case contains all the evidence, we must presume that sufficient evidence was offered on behalf of the plaintiff to warrant the verdict, and we are not at liberty to review the facts. Manufacturing Co. v. Seale, 3 App. Div. 515, 517, 38 N. Y. Supp. 307; Gregory v. Clark, 53 App. Div. 74, 65 N. Y. Supp. 687; Flood v. Cain, 78 Hun, 378, 29 N. Y. Supp. 156. The only questions open to review on this appeal, therefore, are the exceptions taken to the admission or rejection of evidence, and to the charge or refusals to charge."

A discussion of the exceptions to which attention was called, and which were urged upon the appeal, was then entered upon. The statements in that part of the opinion quoted were made with reference to this case as it was presented on the appeal, and are to be so limited. It was not intended thereby to lay down any new rule of law or practice, or to hold that the court may not, in a jury case, in the absence of such certificate, review an exception to the denial of a motion for a nonsuit or direction of a verdict. Such an exception presents a question of law, as to whether there is any evidence to take the case to the jury, and to that extent authorizes an examination of the facts, even in the absence of a certificate that the case contains all the evidence. Cases supra, and Rosenstein v. Fox, 150 N. Y. 354, 44 N. E. 1027.

Appellant's motion should be denied, without costs.

VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ., concur.

INGRAHAM, J. I concur in result, as I do not see that there would be any advantage by a reargument.

On motion for reargument. Motion denied.

