(85 App. Div. 175.)

### MILLER v. FARMERS' & MERCHANTS' STATE BANK.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. APPEAL—RECORD—SUFFICIENCY—REVIEW.

Where the printed record fails to show that it contains all the evidence, but includes a stipulation, signed by the attorneys, to the effect that the printed case "contains all the evidence necessary to the determination of the questions raised upon the appeal," the court on appeal cannot review the findings of fact.

Appeal from Trial Term, Madison County.

Action by Frank D. Miller against the Farmers' & Merchants' State Bank. From a judgment for plaintiff, entered on the report of the referee, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

H. W. Coley, for appellant.

J. F. Thompson, for respondent.

CHASE, J. The plaintiff in 1901, and for several years prior thereto, was a dealer in hops. In September, 1901, he entered into an agreement with one S., by which S. was to purchase hops for him, and receive for his compensation a commission of one-half cent per pound. By the agreement, S. was to send samples of hops to the plaintiff, and then make purchases under plaintiff's instructions. S. obtained from H. Bros. samples of 86 bales of hops (being about 16,000 pounds) owned by them, and sent such samples to the plaintiff, with a statement that they could be purchased at 11½ cents per pound. Plaintiff directed S. to go to the place where the hops were stored, and purchase them, and mark them with the plaintiff's brand, and leave them there, subject to further orders. Plaintiff instructed S. to make a draft on him for the amount of the purchase, and S. was to receive for his services in this particular transaction the sum of $50. Plaintiff had previously notified the defendant that S. was going to act as his agent in purchasing hops, and directed the defendant to honor any drafts that S. might make on him for hops purchased. S. had been in communication with H. Bros. prior to that time, but had not purchased the hops. After the instructions from plaintiff, S. went to H. Bros., as the agent of the plaintiff, for the purpose of purchasing hops; and, when he arrived at the place where the hops were stored, he examined them, and found that some of them were not as good as the samples, but the hops were then worth 11½ cents per pound. S. rejected the hops, and, after discussing with the owners their alleged bad condition, made to the owners an offer of $600 for the 86 bales, which offer was accepted. He marked them with his own brand, and then telegraphed to the plaintiff that he had rejected the hops. The hops were shipped by S. in his own name to himself, and he then went to the defendant with a bill of lading, and borrowed thereon $650. He then sent H. Bros. a draft for the amount due them. One or two days thereafter the plaintiff communicated with S. by telephone, and asked him in regard to the hops of H. Bros., and

as to their condition; and S. replied that one or two of the bales were dark colored, but most of them were all right.   Plaintiff directed him to go back and buy the hops, when S. stated that he had bought them for himself.   S. then offered to sell the hops to the plaintiff for 11½ cents per pound, which would result in a profit to him of more than $1,000.   An action was then brought by the plaintiff against S. to recover the hops, and the hops were taken by the sheriff.   The defendant served a notice upon the sheriff, claiming a right to the possession of the hops, and the sheriff notified the plaintiff that he required indemnity against the claim.   The indemnity was not furnished, and plaintiff's attorney went to the defendant's banking house with the sheriff, and the sheriff offered to deliver the hops to the defendant if it would give him a receipt that he had prepared therefor.   The defendant's cashier refused to sign the receipt, but said he would go to the railroad station and take possession of the hops.   He left plaintiff's attorney in the banking house, and went to the railroad station with the sheriff to accept delivery of the hops.   S. and a purchaser for the hops were at the railroad station, and the hops were then actually delivered to the defendant, and immediately thereafter they were sold to another dealer.   From the proceeds of the sale the defendant was paid the amount of said loan, and the hops were delivered to the purchaser.   Said cashier returned to the defendant's banking house, and told the plaintiff's attorney that he had taken possession of the hops, and that he had then immediately sold and delivered them to a purchaser.   This action was then commenced.

The referee has found all of the facts in favor of the plaintiff, and substantially as above stated.   The plaintiff stipulated on the trial that there should be deducted from any recovery by him the amount actually paid by S. for the hops, and the judgment as entered was for the value of the hops, less the payment so made by S. to H. Bros. The findings of the referee are sufficient to justify the judgment as entered, and the rulings relating to the admission and rejection of evidence are not of sufficient importance, even if erroneous, to require a reversal of the judgment.

The case on appeal herein has never been settled and signed by the referee before whom the action was tried.   The printed record includes a stipulation, signed by the attorneys for appellant and respondent, stating "that the appeal herein may be heard on the foregoing printed papers, and that the certificate of the clerk of the county of Madison is hereby waived, and that the foregoing printed case contains all the evidence necessary to the determination of the questions raised upon the appeal herein."   The record fails to show that it contains all the evidence given upon the trial, and this court cannot review the findings of fact made by the referee, to ascertain whether they are against the weight of evidence.   Gregory v. Clark, 53 App. Div. 74, 65 N. Y. Supp. 687.

The judgment should be affirmed, with costs.   All concur.