C. F. BOOTH COMPANY, Respondent, *v.* ADAMS EXPRESS COMPANY, Appellant.

Third Department, January 5, 1921.

**Appeal — when Appellate Division will not review facts.**

The fact that upon the argument of an appeal it was conceded that findings had not been served, and that the exceptions might be filed at that time and treated as duly filed, did not perfect the record so as to permit of a review of the facts, there being no certificate of the court either that the record contained the necessary papers required by section 1353 of the Code of Civil Procedure or all of the evidence necessary to the determination of the questions presented, nor any order of the court directing the filing of the printed case as required by said section.

Where there is no certificate of the court that the case contains all of the evidence necessary to the determination of the question presented on appeal, the Appellate Division is bound to presume that sufficient evidence was offered on behalf of the plaintiff to warrant the decision and it will not review the facts.

APPEAL by the defendant, Adams Express Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chenango on the 11th day of November, 1919, upon the decision of the court rendered after a trial at the Chenango Trial and Special Term, a jury having been waived.

*Nelson P. Bonney,* for the appellant.

*Edward H. O'Connor* [*H. C. Stratton* of counsel], for the respondent.

Woodward, J.:

The complaint sets forth a cause of action for negligence on the part of the defendant in the performance of its obligations as a common carrier in the transportation of certain merchandise, consisting of massage cream, in that such merchandise was permitted to freeze while in the custody of the defendant, thus destroying its commercial value. The case was tried before the court, without a jury, resulting in a judgment in favor of the plaintiff for the full amount of the claim. The defendant appeals from the judgment, and urges that the goods for which the plaintiff seeks to recover were not the property of the plaintiff, but belonged to the various consignees; that plaintiff has no property rights in the goods and cannot recover.

The difficulty with the appellant's case is that the court has found, as a matter of fact, that " at the time of the commencement of this action the title to the goods was in the plaintiff," it appearing that they had been rejected by the customers, such rejection being accepted by the plaintiff, and as a conclusion of law that the plaintiff was the proper party to bring the action; and the record does not permit us to go into the inquiry suggested. Upon the argument of this case it was conceded that the findings had not been served and that the exceptions might be filed at that time and treated as duly filed; but this did not perfect the record to permit of a review of the facts, for there is no certificate of the court, either that the record contains the necessary papers required by section 1353 of the Code of Civil Procedure, or all of the evidence necessary to the determination of the questions presented, nor is there any order of the court directing the filing of the printed case, as required by section 1353 of the Code of Civil Procedure. The case here presented is in identically the same condition as was the record in *Gregory* v. *Clark* (53 App. Div. 74, 75) and is very similar to that in the case of *Miller* v. *Farmers & Merchants' State Bank* (85 App. Div. 175, 178), and the judgment should be affirmed for the reasons therein

suggested. Where there is no certificate of the court that the case contains all of the evidence necessary to the determination of the question presented on appeal this court is bound to presume that sufficient evidence was offered on behalf of the plaintiff to warrant the decision, and it will not review the facts. (*Mackintosh* v. *Kimball*, 101 App. Div. 494, 498; *Meislahn* v. *Irving National Bank*, 62 id. 231, 234; *Kissam* v. *Kissam*, 21 id. 142, 145; *Uhlefelder* v. *City of Mount Vernon*, 76 id. 349, 351; *Young* v. *Barker-Ransom*, 139 id. 194, 195, and authorities there cited.)

The judgment appealed from should be affirmed.

Judgment unanimously affirmed, with costs.