■ KENNETH S. BREW, Appellant, v JAMES MASON, Respondent. — Order unanimously reversed, on the law and facts, with costs, and judgment of Town of Corning Justice Court reinstated. Memorandum: In this action instituted on March 1, 1979 to recover an antique 1952 Crosley fire truck or damages, Steuben County Court reversed a judgment of the Town of Corning Justice Court which directed the return of the property to plaintiff or, alternatively, judgment for plaintiff in the amount of $3,000. The undisputed facts are that in July, 1970 plaintiff borrowed the sum of $1,000 from defendant and secured the loan by transferring possession of the fire truck to defendant with the understanding that it would be returned to plaintiff upon repayment of the loan. Plaintiff used the proceeds of a bank note executed on July 15, 1971 and cosigned by defendant to repay the balance of the loan, and on March 16, 1973 plaintiff paid the bank note in full. County Court concluded that the gravamen of plaintiff's action was conversion or replevin and, applying the three-year

Statute of Limitations (CPLR 214, subd 3), dismissed the complaint as untimely. This was error. It has been "repeatedly held that where a complaint contains a statement of facts constituting a cause of action on contract, which is sustained by proof of such facts upon the trial, a recovery is authorized although the complaint may be in form for a conversion" (*Stephens v Crawford,* 209 App Div 142, 150, affd 239 NY 535; see, also, *Ganley v Troy City Nat. Bank,* 98 NY 487). Here, the complaint alleges that defendant guaranteed payment of the bank note so that the "collateral could not be released" until plaintiff paid the bank note in full, and that defendant refused to return the collateral upon its repayment. County Court found that the evidence at trial established an agreement between the parties which obligated defendant to return the collateral upon repayment of the loan which the defendant did not do. Accordingly the six-year Statute of Limitations was applicable (see CPLR 213, subd 2). A reasonable conclusion from our review of the record (CPLR 5501, subd [c]; see 11 Carmody-Wait 2d, NY Prac, § 72:159, p 317), in light of the favorable Town Justice Court judgment, is that defendant's breach occurred on March 16, 1973 when plaintiff paid off the bank note. Since the record before us is incomplete, we must presume that there was sufficient evidence offered by plaintiff in Justice Court to support that court's decision (see *Booth Co. v. Adams Express Co.,* 195 App Div 37, 39; *Meislahn v Irving Nat. Bank,* 62 App Div 231, 234, affd 172 NY 631; *Gregory v Clark,* 53 App Div 74; see, also, 10 Carmody-Wait 2d, NY Prac, § 70:355, p 625). The action was commenced on March 1, 1979 and was, therefore, timely. (Appeal from order of Steuben County Court, Purple, J. — recover collateral.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.